PER CURIAM.
In this disciplinary proceeding against respondent as a member of The Florida Bar the referee in part made the following findings and recommendations:
Following respondent’s plea of guilty to both Count I and Count II of the complaint, the undersigned took testimony and heard argument. The evidence established that the respondent had been involved in a prior disciplinary matter involving neglect of legal matters entrusted to him. A private reprimand resulted in that disciplinary proceeding.
The respondent was employed to bring suit against his client’s former tenants for back rent and damages to rental property. The client paid respondent a retainer fee. The respondent neither prepared nor filed a suit on behalf of his client and then compounded his neglect by misrepresenting to his client that a trial date had been obtained when in fact, as indicated, he had never filed a suit. This conduct constitutes, as has been admitted, a violation of Disciplinary Rules 1-101(A)(4), 6-101(A)(3) and 7-101(A)(2). Additionally the respondent failed to handle cost monies advanced to him by clients through an appropriate trust account and the respondent has admitted, in this connection, a violation of Article XI, Rule 11.02(4)(c) of the Integration Rule of The Florida Bar, the corresponding bylaws, as well as Disciplinary Rule 9-102(a) of The Florida Bar’s Code of Professional Responsibility.
The respondent made a refund to the client referred to in Count I of the retainer fee advanced to him, with interest. No misappropriation of funds has been charged either in the matter presently pending or in any prior disciplinary proceeding.
The respondent was admitted to The Florida Bar in 1972. He closed his private practice of law several months ago and is presently employed as Assistant *1368 Public Defender in the Fifth Judicial Circuit of this state. He indicated an intention to remain out of private practice for at least four years.
The Florida Bar, through counsel, recommended a penalty in the form of court-ordered private reprimand. The undersigned finds this to be an unacceptable penalty in the light of the prior disciplinary measure taken against the respondent which resulted in a private reprimand and the seriousness of the present charges.
It is, therefore, the recommendation of the undersigned Judicial Referee that the respondent, Julian E. Harrison, be publicly reprimanded for the violations set forth in the complaint and that, additionally, costs in the amount of $303.80 be assessed against the respondent.
Dated in the Chambers of the undersigned this 25th day of November, 1980.
* * * * * *
The report and recommendations of the referee are adopted. Respondent is publicly reprimanded by this order and he is directed to pay the costs of this proceeding in the amount of $303.80.
It is so ordered.
BOYD, Acting C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.