PER CURIAM.
We have for review a referee’s report recommending that Judith Dale Shapiro be suspended from the practice of law for ninety days to be followed by a two-year period of probation. Shapiro’s petition for review asks us to reject a condition of probation imposed by the referee. We have jurisdiction. Art. Y, § 15, Fla. Const.
The Florida Bar and Shapiro submitted a joint stipulation of facts so that the referee could dispose of this cause without formal proceedings. The stipulated facts established that Shapiro had represented a client on drug smuggling charges. During the course of her representation, she filed a sworn motion to dismiss the charges, which motion contained false statements and a forged client signature. The false statements led to a perjury charge which was dropped after the client obtained new counsel. Shapiro denied that she knew the sworn motion contained false statements or that she knew about the forged client signature. She agreed, however, that a sufficient factual basis existed for the referee to conclude she had violated Florida Bar Integration Rule, article XI, Rule 11.-02(3)(a) (conduct contrary to honesty, justice, or good morals) and Florida Bar Code of Professional Responsibility Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5) (conduct prejudicial to the administration of justice).
The referee found Shapiro guilty of violating the provisions set out above and recommended a ninety-day suspension and a two-year probation under the following conditions:
1. Respondent will confine her professional undertakings to civil, as opposed to criminal, matters.
2. Respondent [will] participate in the Guardian-ad-Litem program, of the Eleventh Judicial Circuit and expend 250 hours, in the two year period of probation, as an attorney Guardian-ad-Litem for an abused, neglected or otherwise dependent child. See Fla.R.Juv.P. 8.300(b), et seq.
Shapiro challenges only the propriety of the second condition of probation.
We agree with Shapiro that in this case that serving as a guardian ad litem is an inappropriate condition of probation. We therefore disapprove the referee’s recommendation that she be required to participate in the guardian ad litem program.
We detect, however, what appears to be a dangerous ignorance of both the contents and application of the Code of Professional Responsibility by Shapiro. If she intended to mislead the trial court by preparing a false sworn motion to dismiss *454 criminal charges containing a forged client signature, as alleged in the Florida Bar complaint and the stipulated facts, she has violated both the spirit and letter of her oath of admission to the bar. We therefore require as an additional condition of probation that Shapiro again take, and successfully pass, the ethics portion of the Florida Bar examination within her probation period. We approve the remaining portions of the referee’s report.
Judith Dale Shapiro, therefore, is suspended for ninety days, beginning thirty days after the filing of this opinion in order that she may protect her clients. Thereafter, she will be on probation for two years, during which she must successfully sit for the ethics portion of the bar examination. Shapiro is further directed to pay costs of these proceedings in the amount of $925.23.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents.