PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the referee’s report filed pursuant to Rule 3-7.6 of the Rules Regulating The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
On the first count, the referee found that respondent negligently represented a client in connection with a guardianship. The respondent, attorney Rembert L. Lowery, was retained to establish a guardianship. In June 1985, a citation was issued to the guardian ordering him to show cause why he should not be held in contempt of court for failing to file the annual reports and accounting. In August 1985, the ward died. Respondent failed to file a petition for discharge of guardian. In May 1986, the court issued an order to the guardian to show cause why he should not be held in contempt for failure to file annual reports. Respondent was served with the show-cause order but took no action. In August 1986, the guardian was sentenced to sixty days in jail to be served only if the reports were not filed in twenty days. At this point the guardian retained other counsel who filed a petition for discharge of guardian. The referee recommended that respondent be found guilty of neglecting a legal matter entrusted to him in violation of Disciplinary Rule 6-101(A)(3) of the former Florida Bar Code of Professional Responsibility.
On the second count of the complaint, the referee found that in 1984 respondent agreed to represent a client in a civil matter and was paid a retainer. The client had received some checks from the adverse parties in connection with an offer of settlement. The client rejected the settlement offer and instructed respondent to return the checks to the opposing parties. Respondent placed the checks in his files and failed to return them. In May 1986, the client demanded the return of documents due to respondent’s failure to proceed with the case. Although assuring the client in July and October of 1986 and in February 1987 that he would return the file and the retainer, respondent failed to do so until April 1987. At the time of the final hearing before the referee, respondent had not yet refunded the fee. The referee again recommended that respondent be found guilty of violating Disciplinary Rule 6-101(A)(3) by neglecting a legal matter entrusted to him.
The referee found that there were mitigating circumstances based on the respondent’s personal and financial difficulties, his cooperation with The Florida Bar’s investigation, and his positive steps to correct the underlying problems that contributed to his neglect of the client’s cases. In *28 view of the mitigating factors and the lack of disciplinary history, the referee recommended that respondent be given a public reprimand.
Neither party seeks review of the referee’s report. We approve the findings and recommendation. We hereby publicly reprimand attorney Rembert L. Lowery for professional misconduct.
The costs of this proceeding are taxed against the respondent. Judgment for costs is entered against Rembert L. Lowery in the amount of $535.76, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.