535 So.2d 602 (1988)
THE FLORIDA BAR, Complainant,
v.
Donald E. McLawhorn, Respondent.
No. 69240.
Supreme Court of Florida.
December 22, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Diane Victor Kuenzel, Bar Counsel and Richard A. Greenberg, Asst. Staff Counsel, Tampa, for complainant.
Michael L. Kinney, Tampa, for respondent.
PER CURIAM.
This is a disciplinary proceeding in which we review a referee's report recommending a thirty-day suspension. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
The Florida Bar filed a complaint against Donald E. McLawhorn for the alleged violation of Disciplinary Rule 1-102(A)(4) (conduct involving deceit, dishonesty, fraud or misrepresentation); D.R. 5-103(A) (acquiring a property interest in the course of action or subject matter of litigation he is conducting for a client); D.R. 1-102(A)(5) (conduct that is prejudicial to the administration of justice); and D.R. 7-102(A)(1) (taking an action or conducting a defense merely to harass another).
Glenn Draughn and Bonnie Varon were divorced in 1979. The final decree provided that title to their Rome Avenue home and their rental property on West Kirby would remain in the name of both parties. Draughn was allowed to live in the home without the payment of rent until he ceased to have custody of the couple's children. Varon was given control over the rental property with directions to equally divide the rents and profits with Draughn. Varon later obtained custody of the children.
In 1984, Varon filed a motion to compel Draughn's cooperation in selling the home and to impose a lien on his share of the sale proceeds to cover back due child support. McLawhorn was representing Draughn at this time. Before the motion was called up for hearing. McLawhorn obtained a quit-claim deed of Draughn's interest in both the Rome and West Kirby properties. McLawhorn later filed a traverse on Draughn's behalf which asserted a desire to cooperate in the sale of the home but which also indicated that Draughn and Varon were still joint owners of the West Kirby property. McLawhorn told Varon's lawyer about the deeds before the hearing. At the hearing on September 11, Varon's lawyer raised the question of whether the deeds affected the court's jurisdiction over Draughn's interest in the properties. Because the parties could not resolve their differences at this time, the matter was postponed. By virtue of the transfer of title to the Rome Avenue property to McLawhorn, the homestead exemption for the year 1985 was lost. In January of 1985, the matter was settled when Draughn conveyed the more valuable Rome property to Varon and Varon conveyed the less valuable West Kirby property to Draughn, thereby wiping out the unpaid child support obligation.
In defense of his position, McLawhorn explained that while the postdissolution *603 proceedings were pending, he was also representing Draughn in an unrelated criminal matter for which Draughn was about to be sentenced to jail. McLawhorn said he took the deeds to facilitate the disposition of the properties so that funds would be available to handle Draughn's appeal.
The referee recommended that McLawhorn be found guilty of violating D.R. 1-102(A)(4); D.R. 5-103(A); and D.R. 1-102(A)(5), but not guilty of violating D.R. 7-102(A)(1). The referee further recommended that McLawhorn be suspended from the practice of law for thirty days, be required to attend a CLE seminar on ethics, and be made to pay the costs of the disciplinary proceedings. McLawhorn contests the referee's findings as to his guilt and the recommended discipline.
The referee found that McLawhorn violated D.R. 1-102(A)(4) because McLawhorn had made false statements in the traverse as to the ownership of the West Kirby property. While it may be true that McLawhorn intended that the traverse would do no more than indicate a desire to cooperate in the sale of the properties, we agree with the finding of guilt made by the referee. Apprising Varon's lawyer and the judge of the conveyances after the fact did not correct McLawhorn's written misrepresentation.
We also agree with the referee's finding that McLawhorn violated D.R. 5-103(A) by having acquired an interest in property which he knew to be the subject of litigation. McLawhorn's explanation for taking the deeds to the property does not absolve him from the fact that he did obtain property from his client which was the subject of Varon's pending motion.
The referee concluded that McLawhorn violated D.R. 1-102(A)(5) by depriving the court of the ability to order the sale of the property litigated. The evidence in the record falls short of supporting this finding. McLawhorn announced at the hearing that he would convey the properties in any manner that the parties agreed or the court ordered. The judge who presided at the hearing stated that while he recalled the matter of the deed being discussed, he did not express the belief that the conveyance had deprived him of jurisdiction over the properties. Actually, it appears that there was simply insufficient time at the first hearing to resolve all the issues, and the court asked that the matter be reset for a longer hearing.
The Bar does not contest the referee's finding that McLawhorn did not violate D.R. 7-102(A)(1) because the evidence did not show an intentional effort to harass Varon. Indeed, the referee noted that it appeared that McLawhorn's primary concern was to assure the payment of fees and costs to be incurred by his client in the criminal proceeding.
We approve the referee's report finding McLawhorn guilty of violating D.R. 1-102(A)(4) and D.R. 5-103(A), and not guilty of violating D.R. 7-102(A)(1), but reject the referee's finding of guilt as to D.R. 1-102(A)(5). In view of the fact that the two remaining violations both arose from a single set of circumstances in which it appears that McLawhorn neither sought to accomplish an improper purpose nor knowingly intended to violate the canon of ethics, we conclude that the appropriate discipline is a public reprimand. Despite his prior public reprimand, The Florida Bar v. McLawhorn, 505 So.2d 1338 (Fla. 1987), we do not believe McLawhorn's misconduct was grievous enough to warrant suspension. Thus, we hereby publicly reprimand Donald E. McLawhorn for the violations set forth in this opinion. He is also required to attend a CLE seminar on ethics which shall be over and above his continuing legal education requirements. Judgment for costs of $927.10 is hereby entered against McLawhorn, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.