## STATE OF FLORIDA v VINENT
### Case No. 88-39565
Eleventh Judicial Circuit, Dade County
May 11, 1989

### APPEARANCES OF COUNSEL
**Kathleen Davies,** Assistant State Attorney, for plaintiff.
**Leo Succar,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court for a jury trial on charges of aggravated assault and carrying a concealed firearm. During jury selection, all twenty-three members of the venire were questioned. Of those twenty-three, seven were black. During the exercise of the peremptory challenges the defendant used his peremptory challenges against five individuals, four of whom were black. Two black members were not challenged by the defense.

The State, pursuant to *State v Neil*, 457 So.2d 481 (Fla. 1984); *State v Castillo*, 486 So.2d 565 (Fla. 1986) and *State v Slappy*, 522 So.2d 28 (Fla. 1988), *cert. denied*, 108 So.2d 2873, objected to the defendant exercising his challenges and alleged that the defendant improperly excluded jurors because they were black. The Court found that the State had made a *prima facie* showing that a likelihood of discrimination existed. The Court required the defendant to provide racially neutral reasons for excluding the four black jurors. The Court evaluated the reasons provided by the defense and found such to be insufficient. The reasons for the challenges, such as black jurors not owning guns, were equally applicable to white jurors not challenged who likewise did not own guns. No other reasonable explanation was provided by the defense based on the answers of the jurors, save a remark as not liking a juror. Such explanation is a subterfuge and requires the striking of the panel. *Floyd v State*, 511 So.2d 702 (Fla. 3d DCA 1987).

The defense position that neither the State nor the defendant, not being black, has standing to challenge the arbitrary exclusion of blacks is without merit. *Del Sol v State*, 14 F.L.W. 336 (Fla. 3d DCA 1/31/89). The victim, incidentally is black, but the Court finds that point irrelevant.

Any form of social discrimination is constitutionally repugnant in a trial, criminal or civil, regardless of the race of the parties, lawyers, or witnesses. Simply stated, racial discrimination in a court of law is wrong. Although *Batson v Kentucky*, 476 U.S. 79 (1986) restricts only prosecutors from striking black prospective jurors through peremptory challenges, such rule in Florida limits defense attorneys as well. *Batson* has also been extended to civil cases. *Flud v Dykes*, 863 F.2d 822 (11th Cir. 1989); *Edmonson v Leessill Concrete Company*, 860 F.2d 1308 (5th Cir. 1988). Similarly a criminal defendant should not have an absolute right to pick a jury through the use of racially motivated peremptory challenges. As stated explicitly in *State v Neil, supra*, at 487, "both the State and the Defense may challenge the allegedly improper use of peremptories. The State, no less than a defendant, is entitled to an impartial jury."

DONE and ORDERED in Open Court this 11th day of May, 1989.