PER CURIAM.
This proceeding is before the Court on the petition of The Florida Bar challenging the referee’s report, which recommended that John G. Fatolitis be given a private reprimand. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee’s findings of fact, yet find that a public reprimand is the appropriate sanction.
The referee found:
That on or about September 3, 1982, the respondent was retained by Mike Syredis to prepare his Last Will and Testament. The Florida Bar has charged the respondent with forging the signature of his wife, Evelyn J. Fatolitis, as a witness to the Last Will and Testament of Mike Syredis.
The only witnesses produced by The Florida Bar at the final hearing were the respondent and his wife Evelyn J. Fatoli-tis. Both witnesses testified that the respondent did in fact sign Evelyn J. Fatolitis’ name as a witness to the Last Will and Testament of Mike Syredis. However, the witnesses testified that Evelyn J. Fatolitis was present when Mr. Syredis executed his Will, when the respondent signed as a witness to the Will and when the respondent signed Mrs. Fatolitis’ name as a witness to the Will of Mike Syredis. In addition, both witnesses testified that Evelyn Fatolitis burned her right hand on the evening of September 3, 1982 and thus was unable to sign her own name as a witness to the execution of Mike Syredis’ Last Will and Testament.
The Last Will and Testament of Mike Syredis is dated September 7, 1982. The Florida Bar submitted evidence to the referee which established that Mrs. Fa-tolitis could sign her own name on September 5, 1982, two days prior to the date of Mr. Syredis’ Last Will and Testament. However, both Mr. & Mrs. Fatoli-tis testified that the Last Will and Testament of Mike Syredis which was dated September 7,1982, was actually executed on Saturday, September 4, 1982.
All of the evidence submitted by The Florida Bar is suspectible [sic] to a different inference than the evidence and *1055 testimony of the respondent and his wife, however, the referee has given the benefit of the doubt to the respondent. I therefore find that Mrs. Fatolitis was present when the respondent signed her name to the Last Will and Testament of Mike Syredis. In addition, I find that the respondent violated Florida Statute Section 732.502(l)(c) by signing his wife’s name to the Last Will and Testament of Mike Syredis. Furthermore, I find that the respondent improperly dated the Last Will and Testament of Mike Syredis by dating the Will prior to its execution and then failing to correct the date contained in the Will to reflect the date that it was actually executed. Finally, I find that the respondent did not have anything to gain by signing his wife’s name as a witness to the Last Will and Testament of Mike Syredis.
The referee found that Fatolitis violated Disciplinary Rule 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and Disciplinary Rule 1-102(A)(6) (engaging in conduct adversely reflecting on one’s fitness to practice law). For this conduct, the referee recommended that Fa-tolitis be given a private reprimand. The Florida Bar disagrees with the referee and brings this petition, requesting this Court to impose a public rather than a private reprimand.
We approve the referee’s factual findings. However, after considering all of the circumstances before the referee, we conclude that the appropriate sanction in this case is a public reprimand.
Accordingly, John G. Fatolitis is ordered to appear before the Board of Governors of The Florida Bar to receive a public reprimand. Judgment for costs in the amount of $1,961.63 is hereby entered against Fa-tolitis, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.