549 So.2d 178 (1989)
THE FLORIDA BAR, Complainant
v.
Stanley L. RISKIN, Respondent.
No. 71846.
Supreme Court of Florida.
August 31, 1989.
Rehearing Denied October 20, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, *179 Tallahassee, and Jacquelyn P. Needelman, Bar Counsel, Fort Lauderdale, for complainant.
David L. Kahn of David L. Kahn, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
This proceeding is before the Court for consideration of a referee's report in a disciplinary action brought by The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const.
Upon trial of two charges made in a complaint filed by The Florida Bar, the referee found that the respondent, Stanley L. Riskin was guilty of one of the charges of neglecting a legal matter. The respondent had been retained in February, 1981 for the purpose of handling a legal matter for one Evelyn Fox relating to medical treatment received by Ms. Fox as an employee of Eastern Airlines from a person who in fact was not a physician. The respondent failed to file a cause of action until May 16, 1985, well after any applicable statutes of limitation had expired. The respondent also failed to recognize that the case had worker's compensation implications which would have affected Ms. Fox's recovery.
Upon filing the cause of action, Eastern Airlines moved for a summary judgment based on the expiration of the applicable statute of limitation. The respondent failed to oppose this motion in any way and the motion was granted. The referee recommended that the respondent be found guilty of violating Disciplinary Rules 6-101(A)(2) (a lawyer shall not handle a matter without preparation adequate in the circumstances) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). The referee found insufficient evidence to support a second charge of neglect of a legal matter. We approve this portion of the referee's report.
The referee recommended that the respondent should be disciplined with a private reprimand. We disagree. The record discloses that the respondent has received a private reprimand in the past for neglect of a legal duty. Evidently the respondent has not taken this reprimand to heart. Furthermore, this is not the sort of minor misconduct contemplated by The Florida Bar Code of Professional Conduct to be punished by private reprimand. Clearly this neglectful conduct warrants a public reprimand.
Accordingly, we hereby publicly reprimand Stanley L. Riskin, which reprimand shall be published in the Southern Reporter, Second Series. The Florida Bar's costs in this proceeding are assessed against the respondent. Judgment is entered against Stanley L. Riskin in the amount of $2,006.45, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.