PER CURIAM.
The Florida Bar petitions this Court to review the referee’s recommendation of probation for respondent’s violation of the rules governing professional conduct. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The referee made the following findings of fact:
A. Respondent is, and at all times hereinafter mentioned, was, a member of The Florida Bar subject to the jurisdiction of the Supreme Court of Florida and the Rules Regulating The Florida Bar.
B. Heretofore respondent was retained by one Florence Taylor (“Taylor”) *1319 for purposes of representing Taylor in connection with a claim to recover damages for personal injuries sustained by Taylor in a motor vehicle accident.
C. In early 1988 respondent contacted Taylor and advised her that the other party involved in the motor vehicle accident did not have automobile insurance and that Taylor would have to pursue her remedies under the uninsured motorist provisions of her policy.
D. Respondent thereafter initiated no communications with Taylor.
E. Thereafter Taylor attempted, on numerous occasions, to communicate with respondent, by telephone in attempts to ascertain the status of her case.
F. Respondent failed and refused to respond to any of such attempts by Taylor to communicate with him.
G. At Taylor’s behest, Taylor’s son made numerous attempts to communicate with respondent regarding the status of Taylor’s complaint.
H. Respondent failed and refused to respond to any communications from Taylor’s son.
I. Thereafter, Taylor retained the services of another Florida attorney, one David L. Magidson, Esquire (“Magid-son”).
J. Magidson thereafter attempted to contact respondent who failed and refused to communicate with Magidson.
K. Having ascertained that Taylor’s recourse was to pursue her remedies under the uninsured motorist provision of her insurance policy, respondent thereafter failed to take actions to file, perfect and collect such proceeds as were available to Taylor under such policy.
L. Respondent failed to give any notice to Taylor regarding the termination of his representation.
M.Respondent failed and refused to turn over any papers or documents to successor counsel despite due request and demand therefor.
The referee found that respondent had violated rules 4-1.3, 4-1.4(a), and 4-1.16(d) of the Rules Regulating The Florida Bar relating to neglect, communication, and improper withdrawal. Despite three prior disciplinary proceedings in which respondent received private reprimands, the referee recommended that respondent merely be placed on probation for one year under the supervision of a member of The Florida Bar. Although the referee found that respondent’s marital problems and loss of his father mitigated the offenses, we agree with The Florida Bar that because of respondent’s disciplinary history, a public reprimand is now in order. See, e.g., The Fla. Bar v. Lowery, 522 So.2d 27 (Fla. 1988); The Fla. Bar v. Harrison, 398 So.2d 1367 (Fla.1981).
Accordingly, it is the judgment of this Court that attorney S. Richard Kaplan is both publicly reprimanded by publication of this opinion in the Southern Reporter and placed on probation under the supervision of a member of The Florida Bar for a period of one year effective March 14, 1991. Costs in the amount of $851.80 are hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.