PER CURIAM.
We have for review the referee’s report regarding ■ alleged misconduct by Michael Carr Norvell. The referee recommended that Norvell be found guilty of certain ethical violations and not guilty of others and that Norvell be suspended from the practice of law for ninety days. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons expressed, we approve the referee’s findings as to guilt but we find that the appropriate discipline for Norvell’s misconduct under the circumstances of this case is a ninety-one-day suspension.
The facts of this case are as follows. In 1983, Norvell was convicted in federal court of a felony drug offense, for which he received a five-year prison sentence. Because of that conviction he was given leave to resign from the practice of law in Florida. Florida Bar v. Norvell, 456 So.2d 454 (Fla.1984).
In 1991, Norvell and his wife entered into a contract with the Arbors of Lake Hams, Inc. (the Arbors), for construction of their home. A dispute arose regarding this contract and litigation ensued. The suit was *1297 eventually settled and the Norvells were allowed to rescind the contract. The Norvells then entered into a contract with Jamie Sen-atore to complete construction of their home. Thereafter, a dispute arose between Norvell and Senatore regarding the timely completion of the Norvells’ home.
In April 1992, Senatore filed suit against the principals of the Arbors regarding a share repurchase agreement. Senatore hired Robert Williams to represent him in that suit. At Senatore’s request, Mrs. Nor-vell paid Williams $1,000 on behalf of Sena-tore in lieu of payment to Senatore for work he had performed on the Norvells’ home. Mrs. Norvell also paid monies to others on Senatore’s behalf rather than paying Sena-tore directly.
In May 1992, Norvell was readmitted to the practice of law in Florida. Florida Bar, re Norvell, 599 So.2d 1280 (Fla.1992) (table decision).
In the summer of 1992, one of the Arbors’ principals asked Norvell to assist the Arbors in increasing lot sales. Norvell agreed to assist in acting as an informal mediator between the Arbors and Senatore, and he discussed with Senatore the adverse effect Sen-atore’s lawsuit was having on lot sales.
In July 1992, the Arbors defaulted on a loan payment to Citizens National Bank, and a foreclosure suit followed in September. Additionally, a one-year exclusive listing agreement was given to one of the bank directors, who was a realtor, in September in an attempt to sell the lots. During the term of the listing agreement, Norvell was involved in procuring contracts for the sale of lots in the Arbors.
The Arbors asked Norvell to assist in the bankruptcy ease and in June 1993 he entered an appearance in bankruptcy court on behalf of the Arbor^. In August 1993, however, the bankruptcy judge determined that Norvell had not filed an application for employment nor had the Arbors filed the required affidavit for employment of Norvell as counsel. When Norvell did file the affidavit, he stated that he had “no connection with the debtor” and that he was a “disinterested person.” Likewise, the application for employment provided that Norvell had “no connection with the [debtor]” and that he did not “hold or represent an interest that would be adverse to the interest of the [debtor’s] estate in a Chapter 11 case.” Yet, just three days later, Norvell sent a letter to the Arbors in which he discussed the prospect of his ownership in the Arbors and its assets.
In September 1993, the bankruptcy judge denied Norvell’s application for employment.
In October 1993, Norvell entered into an agreement to acquire 100% ownership of the Arbors. Thereafter, Norvell reapplied to act as attorney for the Arbors in the bankruptcy proceeding. At that time, Norvell revealed to the bankruptcy court his prospective ownership of the Arbors.
Based on the above facts, the referee recommended that Norvell be found not guilty of violating the following Rules Regulating The Florida Bar: rule 4-1.4(b)(duty to explain matters to client); rule 4-1.7(b)(duty to avoid limitation on independent professional judgment); and rule 4-1.8(a)(business transactions with or acquiring interest adverse to client prohibited). He recommended that Norvell be found guilty of violating the following rules: rule 4 — 1.8(i)(shall not acquire proprietary interest in cause of action); rule 4-1.16 (shall decline or terminate representation if representation will result in violation of the rules); rule 4-3.3(a)(shall not knowingly make a false statement of material fact to a tribunal); rule 4-8.4(c)(shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and rule 4-8.4(d)(shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).
Based on these rule violations, the referee recommended that Norvell be suspended for ninety days, be required to retake the ethics portion of the bar exam, and be required to pay the cost of this proceeding. In aggravation, he considered Norvell’s prior disciplinary history and multiple offenses; in mitiga *1298 tion, he considered Norvell’s full and free disclosure to the disciplinary board, his remorse, the absence of client harm, and the remoteness of the prior offenses.
The Bar argues that the referee erred (1) in recommending that Norvell be found not guilty of violating rules 4-1.4(b) and 4-1.7(b)(1) and (2) in recommending that Nor-vell be suspended for only ninety days. The Bar asserts that the facts of this case support a finding of guilt on these two charges and that the more appropriate discipline based on Norvell’s misconduct and prior disciplinary history would be a one-year suspension.
We approve the referee’s recommended findings of guilt. Rule 4-1.4(b) provides:
A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
Rule 4-1.7(b) states:
A lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person or by the lawyer’s own interest, unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation.
The Bar’s argument for a finding of guilt as to these rules turns in significant part on the facts that Norvell’s wife paid $1,000 to Sena-tore’s attorney for construction work done by Senatore and Norvell failed to tell the principals of the Arbors that she had done so. The Bar also argues that Norvell should have advised the principals of the Arbors of other conflicts that existed. Based on the findings of the referee, it appears that the principals knew of all of the asserted conflicts except for the $1,000 payment, which was made by Norvell’s wife. While it certainly would have been more prudent for Norvell to specifically discuss each conflict with the principals, we believe, under the circumstances of this case, that the referee was in the best position as the fact finder to determine whether the evidence supported a finding that the conflicts might have “materially limited” Nor-vefl’s exercise of independent judgment. Further, we find that the remaining five charges for which the referee did find Nor-vell guilty adequately cover the misconduct at issue.
We agree, however, with the Bar’s contention that the referee’s recommended discipline is inadequate in this case. Norvell violated the rules by acquiring a pecuniary interest in pending litigation; making false statements of material fact to a tribunal; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaging in conduct in connection with the practice of law that was prejudicial to the administration of justice. Further, he conducted himself in this manner just after he was readmitted to the practice of law in Florida after a nearly decade-long period of suspension. While we do find that the Bar’s suggested one-year suspension is unwarranted in view of the mitigating circumstances of this case (no client injury, remorse, full cooperation and remoteness of prior offenses), we cannot agree that a ninety-day suspension is sufficient to discipline Norvell for his misconduct. We find that a ninety-one day suspension, which requires proof of rehabilitation, is the more appropriate discipline under the circumstances of this case. We agree with the referee that, prior to reinstatement, Nor-vell must successfully retake the ethics portion of the bar examination.
Accordingly, Michael Carr Norvell is hereby suspended from the practice of law in Florida for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Norvell can close out his practice and protect the interests of existing clients. If Norvell notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Nor- *1299 veil shall accept no new business from the date this opinion is filed until the suspension is completed. As a condition of reinstatement, Norvell must successfully retake the ethics portion of the Florida Bar examination. Judgment is hereby entered against Norvell in favor of the Bar in the amount of $4,811.30, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.