701 So.2d 334 (1997)
THE FLORIDA BAR, Complainant,
v.
Bill A. CORBIN, Respondent.
No. 88276.
Supreme Court of Florida.
October 30, 1997.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Luain T. Hensel, Bar Counsel, Tallahassee, for Complainant.
John A. Weiss of Weiss & Etkin, Tallahassee, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by Bill A. Corbin. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following findings of fact based on evidence presented at the disciplinary hearing:
1. Respondent is, and at all times mentioned in the complaint was, a member of The Florida Bar, subject to the jurisdiction of the Supreme Court of Florida.
2. On December 6, 1993, Respondent filed a complaint on behalf of his client against Kathryn M. Register, aka Kathryn M. Williams, and Arthur Lee Williams, III, in Jackson County Court, Case No. 93-954CC.
3. In the complaint, Respondent alleged the defendants had failed to pay rent from September 1990 to September 1991.
4. Respondent deposed the defendants on February 4, 1994.
5. The defendants were not represented by counsel.
6. At their depositions, the defendants testified that some rent payments had been paid with cash and others had been paid by checks.
7. At the defendants' deposition, Respondent represented to them that if they produced documents proving their payment of rent, they would be given credit for those payments. The Florida Bar failed to prove by clear and convincing evidence that Respondent represented to the defendants that he would file those documents with the court.
8. Notwithstanding Mr. Williams' employment with law enforcement, he was essentially in the same position as all other pro se litigants who do not understand the processing of a civil case.
9. Because pro se litigants often mishear or hear what they want to hear, those individuals involved in the judicial system in a more regular way have a greater responsibility to ensure that pro se litigants *335 hear what is said and to state things as clearly as possible.
10. Respondent did not disclose to the court the existence of the cancelled checks.
11. On March 1, 1994, defendants provided Respondent with copies of cancelled checks showing rental payments as follows: Check No. 5029 dated 11/14/90 for $357.56 Check No. 5030 dated 12/12/90 for $358.00 Check No. 5046 dated 01/14/91 for $360.00 Check No. 5048 dated 02/10/91 for $357.00 Check No. 5077 dated 04/06/91 for $350.00
12. All of the cancelled checks provided to the Respondent by the defendants were made payable to Ann Crum.
13. On June 17, 1994, Respondent filed a Motion for Summary Judgment reiterating the allegation that no rent had been paid from September 1990 to September 1991.
14. Respondent prepared and attached to the Motion for Summary Judgment an affidavit signed by his client's mother, Ann T. Crum, which stated that the last payment made by the defendants was in August 1990.
15. Attached to Crum's affidavit and incorporated by reference was a handwritten record of the defendants' payments to Crum which showed the last payment as being made in August 1990.
16. At the time Respondent prepared the Motion for Summary Judgment in which he represented to the court "There is no issue of any material fact in this cause ...," he knew there was a genuine issue of material fact, i.e., payments made after August 1990.
17. At the time Respondent prepared the Affidavit of Ann T. Crum, he knew the information contained therein was untrue. On this point, the respondent's defense that Crum represented to him that the signature on the back of the checks was a forgery is not credible. In his initial response to The Florida Bar, he clearly stated the defendants had been given credit for the checks when they had not. Respondent did not mention an alleged forgery in his initial response. Further undermining the credibility of Respondent's defense is the fact that although he had in his possession clearly negotiated checks made payable to his client's mother, he conducted no inquiry with the bank to determine whether the checks had been cashed, who had received the funds, or whether any complaints had been made to the bank. Rather, he relied solely on his client's mother's representation to him.
18. In his response to The Florida Bar's request that he respond to Mr. Williams' complaint against him, Respondent stated as follows:
... the 3-page attachment to Ms. Crum's Affidavit clearly shows the payments by those checks and thus credit for them. Paragraph 4 of the Affidavit clearly states that payments were made by the defendants.
19. Respondent did testify under oath that his initial response to The Florida Bar was a mistake. However, The Florida Bar did not present evidence to support its allegation that Respondent testified at the grievance committee hearing that he had not disclosed to the court the existence of the checks because his client and her mother told him the checks had never been received.
A Motion for Summary Judgment has a different standard and therefore a different responsibility for an attorney than a final hearing. In a Motion for Summary Judgment, an attorney must represent that there is no genuine issue as to any material fact. The Referee fully appreciates that attorneys and judges have no responsibility to pro se litigants to assist them in preparing their case. At the same time, the Court and the Bar have a responsibility not to mislead or undermine the efforts of pro se litigants to represent themselves. This is a critical issue for the future of our Bar.
It is true that Mr. Corbin had no responsibility to litigate the Williams' case for them. But on a Motion for Summary Judgment, he, as an officer of the Court, represented to the Court that there was no genuine issue as to any material fact, and he knew there was a genuine issue as to a *336 material fact, and that was the payment of rent for those five months.
The issue of whether that was Ms. Crum's signature or not was an issue for the trier of fact to determine, not for the person representing the plaintiff who may have claimed those signatures were forgeries to determine without presenting it to the trier of fact.
Judges rely on attorneys as officers of the Court representing to the Court that they have investigated the case. They have a greater responsibility than just as a advocate for their client; they have a responsibility to the Court to represent there were defenses raised but there was no true evidence to support them.
He knew there was a genuine issue here and he did not represent that. Specifically, he said there was not. The referee finds his inconsistency in responding to the official examination of his behavior supports that he knowingly made a false statement of material fact to a tribunal in the filing of this Motion for Summary Judgment.
The actual and potential injury from Respondent's conduct is an erosion of confidence on the part of the judiciary and the public in lawyers' honesty. There is no more serious impact upon the integrity of our judicial system.
Based on these findings of fact, the referee reached the following conclusions concerning guilt:
I recommend that Respondent be found guilty of violating Rules 4-3.3(a)(1) [a lawyer shall not knowingly make a false statement to a tribunal]; 4-8.1(a) [a lawyer shall not knowingly make a false statement of material fact in a disciplinary matter]; and 4-8.4(c) [a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation] of the Rules of Professional Conduct of The Florida Bar.
Corbin seeks review of the referee's findings that he deliberately misrepresented material facts to the court when he filed the motion for summary judgment and that he submitted an affidavit he knew to be false. Further, Corbin contends that the referee wrongly concluded that he deliberately tried to mislead the Bar when he made a misstatement in his initial response to the Bar. We disagree.
Our review of the record shows that competent substantial evidence supports the referee's findings of fact and conclusions concerning guilt and accordingly "this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee." Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). Furthermore, a party contesting the findings and conclusions "carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions." Florida Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996). Corbin has failed in this burden. We adopt the referee's findings of fact and conclusions concerning guilt.
Based on the above violations of the disciplinary rules, the referee recommended that the following disciplinary action be taken against Corbin:
I recommend that respondent be found guilty of misconduct justifying disciplinary measures, and that he be disciplined by:
A. Suspension from the practice of law for a period of six (6) months.
B. Payment of costs in these proceedings.
....
Prior to recommending discipline pursuant to Rule 3-7.6(k)(1), I considered the following personal history of Respondent, to wit:
Age: 55 years old
Date admitted to the Bar: October 6, 1972 Prior Discipline: A private reprimand in 1978 for neglect; a private reprimand in 1984 for conflict of interest; and a private reprimand in 1988 for neglect and failure to seek the legal objectives of the client.
In reaching a disciplinary recommendation, I have also considered Florida's Standards for Imposing Lawyer Sanctions and specifically find the following aggravating factors to be applicable:
9.22(a) Three prior disciplinary offenses;
(b) Dishonest motive to advance the cause of his client at the expense of an unrepresented opposing party;

*337 (g) Refusal to acknowledge the wrongful nature of his conduct; and
(i) Substantial experience in the practice of law.
Only one mitigating factor is applicable:
9.32(m) Remoteness of prior offenses.
Because the character evidence submitted by the parties was conflicting, it is considered a neutral factor.
Corbin seeks review of the recommended discipline, arguing that a six-month suspension is unduly harsh and that a public reprimand is more appropriate. We agree. As we have noted:
As to discipline, we note that the referee in a Bar proceeding again occupies a favored vantage point for assessing key considerationssuch as a respondent's degree of culpability and his or her cooperation, forthrightness, remorse, and rehabilitation (or potential for rehabilitation). Accordingly, we will not second-guess a referee's recommended discipline as long as that discipline has a reasonable basis in existing caselaw.
Florida Bar v. Lecznar, 690 So.2d 1284, 1288 (Fla.1997). In the present case, however, the referee's recommended discipline is in conflict with existing caselaw.[1] We find ninety days' suspension appropriate on this record.[2]
Bill A. Corbin is hereby suspended for ninety days from the practice of law in Florida. The suspension will be effective thirty days from the filing of this opinion so that he can close out his practice and protect the interests of existing clients. If Corbin notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Corbin shall accept no new business from the date this opinion is filed until suspension is completed.
Pursuant to the provisions of Rule Regulating The Florida Bar 3-5.1(g), upon receipt of this order of suspension, Corbin shall forthwith furnish a copy of the order to all his clients with matters pending in his practice. Furthermore, within thirty days of receipt of this order, Corbin shall furnish staff counsel of the Bar with a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order. Judgment for costs in the amount of $3,098.50 is hereby entered in favor of The Florida Bar against Bill A. Corbin, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The Court has imposed lesser discipline where an attorney has made a false statement to a court. See, e.g., Florida Bar v. McLawhorn, 535 So.2d 602 (Fla.1988) (imposing public reprimand); Florida Bar v. Sax, 530 So.2d 284 (Fla. 1988) (imposing public reprimand). See also Florida Bar v. Fatolitis, 546 So.2d 1054 (Fla. 1989) (imposing public reprimand for forging wife's name as a witness); Florida Bar v. Story, 529 So.2d 1114 (Fla.1988) (imposing thirty-day suspension for improperly notarizing will); Florida Bar v. Morrison, 496 So.2d 820 (Fla.1986) (imposing ten-day suspension for discrepancy in testimony before grievance committee). Deliberate lack of candor has resulted in lesser discipline. See, e.g., Florida Bar v. Wright, 520 So.2d 269 (Fla.1988) (imposing public reprimand for lying during discovery); Florida Bar v. Batman, 511 So.2d 558 (Fla.1987) (imposing public reprimand for testifying falsely); Florida Bar v. Shapiro, 456 So.2d 452 (Fla.1984) (imposing ninety-day suspension for filing false motion to dismiss with forged signature); Florida Bar v. Oxner, 431 So.2d 983 (Fla.1983) (imposing sixty-day suspension for twice lying to judge to obtain a continuance). The existence of a prior disciplinary record is not dispositive. See, e.g., Florida Bar v. Kaplan, 576 So.2d 1318 (Fla.1991) (imposing public reprimand where the attorney had three prior private reprimands); Florida Bar v. Riskin, 549 So.2d 178 (Fla.1989) (imposing public reprimand where the attorney had a prior private reprimand).
[2] It was improper for the referee to consider in aggravation the fact that Corbin refused to acknowledge the wrongful nature of his conduct. Corbin's claim of innocence cannot be used against him. Florida Bar v. Lipman, 497 So.2d 1165, 1168 (Fla.1986) ("We agree ... that it is improper for a referee to base the severity of a recommended punishment on an attorney's refusal to admit alleged misconduct or on `lack of remorse' presumed from such refusal.").