721 So.2d 1247 (1998)
Jeffrey B. LATHE, Petitioner,
v.
FLORIDA SELECT CITRUS, INC., et al., Respondent.
No. 98-3011
District Court of Appeal of Florida, Fifth District.
December 23, 1998.
Jeffrey B. Lathe, Esq., West Palm Beach, for Petitioner.
No Appearance for Respondent.
DAUKSCH, J.
Jeffrey Lathe, an attorney representing the defendants below, failed to appear for a deposition scheduled by order of the trial court. At the hearing on plaintiff's motion for sanctions, Lathe stated that he had been ordered to appear before another judge at the time of the scheduled deposition. The trial judge directed Lathe to provide the name of the judge or judicial assistant who required his presence and the case name and number. Lathe was specifically advised the information would be verified. When the information provided by Lathe proved to be false, a hearing was held and Lathe was ordered to pay plaintiff's attorney's fees in the sum of $7,225.40. He now seeks certiorari review of the trial court's order.
Lathe doesn't deny that he lied to the trial court. Instead, he argues that the trial court could not order him to pay attorney's fees without first finding him in contempt. He is wrong. A trial court has inherent authority to order an attorney, who is an officer of the court, to pay opposing counsel's reasonable attorney's fees incurred as a result of his or her actions taken in bad faith. See, e.g., U.S. Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567 (Fla.1920) (attorney who wrongfully obtained decree for sole purpose of paying his fee properly charged with opposing counsel's fees); Smallwood v. Perez, 717 So.2d 154 (Fla. 3d DCA 1998) (courts have inherent power to assess attorney's fees against counsel for litigating in bad faith, although caution must be exercised and due process satisfied). Lathe had notice and an opportunity to object to sanctions and provide mitigating evidence. It takes chutzpah to admit to lying to a court and yet still seek review of an order imposing sanctions. The petition for writ of certiorari is denied.
PETITION DENIED.
GRIFFIN, C.J., and HARRIS, J., concur.