PER CURIAM.
Respondent Jeffrey Brian Lathe petitions this Court to review a referee’s report recommending that he be suspended for ninety-one days as discipline for committing ethical breaches. We have jurisdiction. See art. V, § 15, Fla. Const.
FACTS
Lathe represented the defendants in a case entitled Florida. Select Citrus, Inc. v. Big Squeeze Corp., a Florida Corporation d/b/a Big Squeeze Juice and Michael Fisher, individually and d/b/a Big Squeeze Juice, filed in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, presided over by the Honorable Jerry T. Lockett. The plaintiffs counsel served Lathe with a notice of deposition and an amended notice of deposition requiring Lathe’s clients to appear for deposition on May 28,1998. Neither Lathe nor his clients appeared.
Judge Lockett assessed attorney’s fees and costs against the defendants for the May 28 failure to appear and for failure to comply with a request for production of documents. Judge Lockett later vacated the amount of the fees and costs, and elected to hold an evidentiary hearing on the amount. He also ordered Michael Fisher, individually and as corporate representative of Big Squeeze Corp., to appear for a deposition on August 6, 1998. Neither Lathe nor Fisher appeared for the deposition.
Judge Lockett held a hearing on this matter, at which Lathe stated that his client’s failure to appear was Lathe’s fault because Lathe had been ordered to be in another court proceeding on the same date. Lathe represented that another judge’s judicial assistant called him late in the afternoon on August 5, 1998, and told him that he had to appear for a pretrial conference the following morning. Lathe later sent a letter to Judge Lockett claiming that he had been contacted by the judicial assistant of the Honorable Judge Jeffery J. Colbath of Palm Beach County. Judge Lockett eventually found that Lathe’s assertions were not true and ordered Lathe to pay the plaintiffs attorney’s fees in the amount of $7,225.40. The *677 Fifth District Court of Appeal affirmed the award of attorney’s fees. See Lathe v. Florida Select Citrus, Inc., 721 So.2d 1247 (Fla. 5th DCA 1998). Lathe failed to pay the sanction until Judge Lockett held him in contempt of court and ordered his incarceration.[1]
On May 12, 1999, the Bar filed its complaint against Lathe attaching copies of (1) Lathe’s letter to Judge Lockett; (2) an affidavit by Judge Colbath stating that neither he nor his assistant contacted Lathe to attend a pretrial conference; and (3) the district court’s affirmance. The Bar contended that Judge Colbath’s affidavit demonstrated that Lathe had made false statements to Judge Lockett. In his answer, Lathe denied the allegation that he was not contacted by Judge Colbath’s judicial assistant, but admitted that the purpose of the contact was not to direct Lathe’s appearance in court the next morning.
In his final report, the referee recommended that Lathe be found guilty of violating rule 3-4.3 (prohibiting the commission by a lawyer of any act that is unlawful or contrary to honesty and justice); rule 4-3.3(a)(l) (providing that a lawyer shall not make a false statement of material fact or law to a tribunal); rule 4-8.4(c) (providing that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and rule 4-8.4(d) (providing that a lawyer should not engage in conduct that is prejudicial to the administration of justice) of the Rules Regulating the Florida Bar.
As to discipline, the referee recommended that Lathe be suspended for ninety-one days, thereby requiring him to show rehabilitation prior to his reinstatement, and awarded the Bar its costs. In recommending this discipline, the referee found that Lathe “must be made to realize that ‘honesty and candor in dealing with others is part of the foundation upon which respect for the profession is based.’ ” The referee further looked to Florida Standard for Imposing Lawyer Sanctions 6.12 which provides that “[suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action.” The referee agreed with the trial judge’s finding that Lathe “engaged in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation and demonstrated utmost disrespect for the Court.” The referee found that Lathe’s misrepresentations to Judge Lock-ett were “destructive to the legal system as a whole” and that his actions “also resulted in extraordinary time and expense to his adversary.”
The referee found that Lathe’s substantial experience in the practice of law and his indifference to making restitution “as evidenced by [Judge Lockett’s] findings that respondent wilfully and intentionally refused to comply with the Order of October 6, 1998, and that [Lathe] obstructed justice by his willful and dilatory tactics” constituted aggravating factors, and that Lathe’s absence of a prior disciplinary record was a mitigating factor. The referee concluded that Lathe’s wilful misrepresentations (the first verbal, and the second in writing), warranted more severe discipline than a public reprimand or a short-term suspension.
Lathe has petitioned for the Court to review the referee’s report.
ANALYSIS
At the outset we note that Lathe does not challenge the referee’s findings of fact regarding the charged misconduct in this case or the referee’s conclusions as to guilt. Lathe does, however, challenge the referee’s recommendation of a ninety-one-day suspension as excessive.
*678 In reviewing a referee’s recommended discipline, this Court’s scope of review is “somewhat broader than that afforded to findings of facts because, ultimately, it is [the Court’s] responsibility to order an appropriate punishment.” Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). However, generally speaking this Court “will not second-guess a referee’s recommended discipline as long as that discipline has a reasonable basis in existing caselaw.” Florida Bar v. Temmer, 758 So.2d 555, 558 (Fla.1999).
In the instant case, based upon unchallenged factual findings, it is apparent that Lathe intentionally misrepresented to a judge on two separate occasions that he was unable to attend a deposition because another judge had ordered him to attend a pretrial conference. When the judge awarded attorney’s costs to the opposing party as a sanction, Lathe refused to comply with the order and pay the costs until the judge ordered his incarceration. On these facts, we conclude that the referee’s recommendation of a ninety-one-day suspension has a reasonable basis in existing caselaw.
In recent years, this Court has repeatedly imposed ninety-one-day suspensions upon attorneys who have made intentional misrepresentations to a court. See Florida Bar v. Cibula, 725 So.2d 360 (Fla.1998) (attorney testified falsely under oath on two occasions; no mitigation found by referee); Florida Bar v. Schramm, 668 So.2d 585 (Fla.1996) (attorney made false statements to court in motion for disqualification and motion for continuance, in addition to neglecting duty to client); Florida Bar v. Norvell, 685 So.2d 1296 (Fla.1996) (attorney with disciplinary history filed false affidavit stating that he was a disinterested person in a lawsuit); Florida Bar v. Fischer, 549 So.2d 1368 (Fla.1989) (attorney had legal secretary pose as a court clerk and inform police officer who wrote speeding ticket that court hearing had been canceled). Indeed, there have been other instances in which intentional misrepresentations led to even more severe discipline by this Court. See, e.g., Florida Bar v. Colclough, 561 So.2d 1147 (Fla.1990) (attorney with no prior disciplinary history suspended for six months for misrepresenting to judge and opposing counsel that a hearing on costs had already been held); Florida Bar v. Merwin, 636 So.2d 717 (Fla.1994) (attorney disbarred for falsely testifying under oath that his failures to appear were due to the fact that his client had lost interest in the case and moved to California).
Even though Lathe has no disciplinary history, we conclude that a suspension which requires a demonstration of rehabilitation is warranted in the instant case. At an evidentiary hearing on attorney’s fees, the following dialogue occurred between Lathe and Judge Lockett:
Judge: This Defendant has already been sanctioned by this Court for not coming to a deposition and fees will be awarded in some amount; and now here we are with the second deposition set and scheduled by Court Order, not set by opposing counsel, scheduled by Court Order and we don’t attend that one either. That becomes disturbing and I want to know exactly why we’re not attending
Lathe: Yes, sir.
Judge: And I tell you this in the greatest respect, I intend to contact that Judge’s office and confirm what you told me, all right?
I’m not saying I don’t believe you. I do believe you. You’re an officer of the court, I should believe you—
Lathe: Yes, sir.
Judge: — but [woe] be it to you if it isn’t so. All right.
Thus, Judge Lockett expressly informed Lathe that he would contact Judge Col-bath’s office. Nevertheless, Lathe still maintained the truth of his misrepresentation to the court by sending a letter to Judge Lockett reasserting that he had been contacted by Judge Colbath’s assis *679 tant. Lathe’s misrepresentations to Judge Lockett are further exacerbated by the fact that Lathe failed to comply with the sanctions imposed by the judge for Lathe’s lack of candor. Even after the district court affirmed the sanction order entered against Lathe, he still failed to comply until Judge Lockett ordered his incarceration. Such refusal to follow an order despite an admitted lack of candor demonstrates a blatant lack of respect for the court on Lathe’s part.[2]
Attorneys who make misrepresentations to a court create “an erosion of confidence on the part of the judiciary and the public in lawyers’ honesty.” Florida Bar v. Corbin, 701 So.2d 334, 336 (Fla.1997). This Court has found that “[tjhere is no more serious impact upon the integrity of our judicial system.” Id. We reaffirm this assertion today. Lathe’s blatant misconduct poses a serious threat to the integrity of the justice system, and cannot be dealt with lightly.
CONCLUSION
Accordingly, we find Lathe guilty of violating Rules Regulating the Florida Bar 3-4.3, 4-3.3(a)(l), 4-8.4(c), and 4-8.4(d). Jeffrey Brian Lathe is hereby suspended from the practice of law in Florida for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Lathe can close out his practice and protect the interests of existing clients. If lathe notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Lathe shall accept no new business from the date this opinion is filed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Lathe in the amount of $1,477.20, for which sum let execution issue.
It is so ordered.

. At the formal hearing, Lathe argued that he did not refuse to pay the award; rather, he was not able to pay the award. Nevertheless, he admitted that “Judge [Lockett] found otherwise.”

. In its opinion affirming the award of attorney’s fees, the district court stated of Lathe’s conduct that ''[i]t takes chutzpah to admit to lying to a court and yet still seek review of an order imposing sanctions.” Lathe, 721 So.2d at 1247.