424 So.2d 76 (1982)
Samuel M. PUDER, Appellant,
v.
Robert REVITZ, Flagler Center Building Loan Corp., a Florida Corporation d/b/a Flagler Building Center, Nutting Engineers, Inc., and Maurice Noble & Associates, Appellees.
Nos. 81-145, 81-146.
District Court of Appeal of Florida, Third District.
December 14, 1982.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Jeanne Heyward, Miami, for appellant.
Sibley, Giblin, Levenson and Glaser and Irving B. Levenson, Miami Beach, Marks, Aronovitz & Leinoff and Tod Aronovitz, Miami, Papy, Poole, Weissenborn & Papy *77 and Charles Papy, Coral Gables, for appellees.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
HENDRY, Judge.
These consolidated appeals[1] are the culmination of Samuel Puder's suit against defendants Revitz and Flagler Center Building Corporation (Flagler) to recover the remaining balance of his architectural fee on the Flagler Center Building. Revitz and Flagler counterclaimed for breach of contract and negligence alleging that the work performed by Puder and his design team was defective. Puder, in turn, filed third party complaints for indemnity and contribution against M. Noble and Associates (structural engineers), Nutting Engineers (soil engineers), Jack Axelrod (the general contractor), and Raymond International (the pile drivers). The third party complaints alleged that if Flagler prevailed on its counterclaim, then these various parties were primarily responsible for damages while Puder was only vicariously or secondarily liable and entitled to indemnification from each. Various motions for summary judgment and judgment on the pleadings were denied and the case proceeded to trial on all issues.
After the jury returned a verdict for Puder on his claim against Revitz and Flagler for the balance of his architectural fee, and in his favor on the Revitz/Flagler counterclaim, the trial court entered an amended final judgment for Puder in the sum of $23,773.21 for professional fees, $7,298.33 in interest, and $60.50 as costs, plus a cost judgment in the amount of $31,701.76 to be assessed against Revitz and Flagler. The trial court also entered the following six orders from which Puder has appealed:
1. Final judgment for Noble & Associates on Puder's third party claim;[2]
2. Order awarding costs to Noble against Puder;
3. Order awarding costs to Nutting Engineers against Puder;
4. Order denying Puder's motion to tax costs and attorney's fees awarded on behalf of Raymond International to Flagler Center;
5. Order denying Puder's motion to tax costs awarded on behalf of Noble and Nutting to Flagler Center;
6. Order denying Puder's motion to tax costs against Flagler Center.
We have carefully considered the record, briefs, and argument of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. An award of costs rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Warner v. Caldwell, 354 So.2d 91 (Fla.3d DCA 1977), cert. denied, 361 So.2d 836 (Fla. 1978); White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973); General Capital Corp. v. Tel Service Co., Inc., 239 So.2d 134 (Fla.2d DCA), cert. denied, 240 So.2d 815 (Fla. 1970). Appellant Puder has not clearly demonstrated that the trial court abused that discretion by taxing costs in favor of the successful third party defendants, who were brought into the lawsuit by Puder, and refusing to charge such costs against the defendant counterclaimants, Revitz and Flagler. Section 57.041, Florida Statutes (1979). Accordingly, we decline to disturb the trial court's orders and affirm the judgments below in their entirety.
Affirmed.
NOTES
[1] See Puder v. Raymond International Builders, Inc., 424 So.2d 78 (Fla.3d DCA 1982) for additional background on this case.
[2] Puder did not appeal the final judgment entered in Nutting's favor on the third party claim.