559 So.2d 442 (1990)
ORIENTAL IMPORTS, INC., et al., Appellants,
v.
Rosario ALILIN and E. Roger Alilin, M.D., Her Husband, Appellees.
No. 89-723.
District Court of Appeal of Florida, Fifth District.
April 12, 1990.
Marybeth McDonald of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
William H. Ogle of Ledford, Mayfield & Ogle, Ormond Beach, for appellees.
PETERSON, Judge.
Oriental Imports, Inc., Aubrey Lee Potts, and Tamiko Potts (collectively referred to as Oriental), defendants below, appeal the denial of an award of costs and attorneys fees after receiving a favorable jury verdict in a negligence action. Oriental made two pre-trial offers of judgment, pursuant to Section 768.79, Florida Statutes (1987), which the plaintiffs failed to accept. Oriental requested attorneys fees pursuant to section 768.79 and costs pursuant to section 57.041 of the Florida Statutes. Both requests were denied.
The questions presented are: (1) whether a defendant, who has made an offer of judgment and who has received a favorable jury verdict, may be awarded attorneys fees pursuant to section 768.79; and (2) whether under section 57.041, a judge has discretion to deny recovery of costs to the prevailing party. The answer to both questions is no.
Section 768.79(1)(a) provides:
In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award.

(Emphasis added). A literal interpretation of the statute indicates its inapplicability when the plaintiff fails to obtain a judgment or award since it describes only the course of action to be taken following a plaintiff's verdict. That interpretation was made in Rabatie v. U.S. Security Insurance Company, 14 F.L.W. 1753 (Fla. 3d DCA July 25, 1989).
Our adoption of the Third District's opinion is based partially upon our belief that the legislature created this statute primarily for the purpose of encouraging the exchange of evaluation of damages among all parties to the action early in the litigation *443 process, thereby stimulating settlements. The award of attorneys fees is an incentive to engage in the exchange process rather than the primary purpose of the statute. The legislature easily could have included language during the enactment process that required an award of attorneys fees when a judgment is entered for a defendant, but the language was omitted. We can envision arguments that support the inclusion of such language in the statute in order to discourage claims with nuisance value rather than substantive value, but consideration of an amendment to the statute is a job for the legislature.
The issue of recovery of costs is resolved by section 57.041 prescribing that "[t]he party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment... ." This court has previously stated "that section 57.041 mandates that every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs and that a trial judge has no discretion under that statute to deny court costs to the party recovering the judgment. Governing Bd. of St. Johns River Water Mgmt. Dist. v. Lake Pickett Ltd., 543 So.2d 883 (Fla. 5th DCA 1989). This rule is also followed by other courts. Dragstrem v. Butts, 370 So.2d 416 (Fla. 1st DCA 1979); Warren Hunnicutt, Jr., Inc. v. Gleason, 462 So.2d 878 (Fla. 2d DCA 1985); A.M. Mfg., Inc. v. Baratz, 518 So.2d 421 (Fla. 4th DCA 1988). But see Puder v. Revitz, 424 So.2d 76 (Fla. 4th DCA 1982), and del Real, M.D. v. Dawson, 320 So.2d 20 (Fla. 4th DCA 1975).
The determination of the amount and type of costs that are appropriate for the action in which they were incurred is the task of the trial court rather than the initial determination of whether the successful litigant is entitled to costs. Guidelines established to assist the court in that function have been established. In re Statewide Uniform Guidelines for Taxation of Costs in Civil Actions, 432 So.2d 1349 (1983).
This matter is REMANDED to the trial court for the determination of the amount of costs to be taxed against the plaintiffs.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and HARRIS, JJ., concur.