PER CURIAM.
We affirm the summary final judgment in favor of appellee General Motors Acceptance Corporation under the authority of Rooks v. Thorpe, 567 So.2d 1075 (Fla. 3d DCA 1990); Tsiknakis v. Volvo Finance North America, Inc., 566 So.2d 520 (Fla. 3d DCA 1990); Raynor v. De La Nuez, 558 So.2d 141 (Fla. 3d DCA 1990); Folmar v. Young, 560 So.2d 798 (Fla. 4th DCA 1990); Kraemer v. General Motors Acceptance Corp., 556 So.2d 431 (Fla. 2d DCA 1989), jurisdiction accepted, 564 So.2d 487 (Fla.1990); and Perry v. G.M.A.C. Leasing Corp., 549 So.2d 680 (Fla. 2d DCA 1989), review denied, 558 So.2d 18 (Fla.1990). As was done in Raynor, we note that the question presented here affects the rights of the motoring public, and certify the question to the Supreme Court of Florida as one of great public importance.
Affirmed.*

 Appellant also contends that GMAC’s defense under paragraph 324.021(9)(b), Florida Statutes (1989), although raised by the motion for summary judgment, was not pled as an affirmative defense. As that objection was not made below in opposition to the motion for summary judgment, it is waived. In any event, had the objection been made below, the trial court plainly would have exercised its discretion to permit the assertion of the affirmative defense. See generally Coral Ridge Properties, Inc. v. Playa Del Mar Ass'n, Inc., 505 So.2d 414, 417 (Fla.1987) (on facts there presented, motion for summary judgment could be entertained on basis of affirmative defense, even though answer and affirmative defenses had not been filed).