FRANK, Acting Chief Judge.
The instant appeal arises from an automobile accident, the trial of the resultant personal injury claim, a jury award of damages in favor of the appellee, Marie B. Lathrop, and the trial court’s subsequent determination that the appellant, State Farm Mutual Automobile Insurance Company, “unreasonably” rejected an offer of judgment thus warranting the imposition of attorneys fees and costs as sanctions pursuant to rule 1.442(h) of the Florida Rules of Civil Procedure.[1] The trial court, relying upon Standard Guaranty Insurance Company v. Quanstrom, 555 So.2d 828 (Fla.1990), enhanced the lodestar by a multiplier of two and entered a supplemental judgment in the amount of $23,550 plus costs. State Farm has appealed from the supplemental judgment and we reverse.
Before turning to the considerations inducing our reversal of the trial court’s application of rule 1.442(h), it is essential that we briefly recount the pertinent aspects of the underlying tort action. Lathrop, the plaintiff in the trial court, was the operator of a vehicle which struck the rear end of Margaret Ann McCoy’s car. Although many of the matters testified to by La-throp, McCoy and their respective witnesses are in conflict as to liability and damages, it does appear that McCoy swerved to avoid hitting an armadillo that was in the roadway, left the roadway, returned to it, and stopped her vehicle. At that point Lathrop struck the rear end of McCoy’s car and sustained injuries requiring extensive medical treatment.
The complaint in this proceeding was filed on April 24, 1989. After the matter was set for trial, by an order dated August 31, 1989, for the week of November 27, 1989, an order was entered on September 5, 1989 referring the dispute to mediation. On November 14, 1989, the parties stipu *1127 lated to a continuance of the November 27 date and proposed a trial date for the first or second week of March, 1990. An impasse was reached in the mediation process and the matter was returned to the trial court in a notice dated November 27, 1989. In December of 1989, the trial date was set for the week of April 28, 1990. Lathrop’s $25,000 offer of judgment was served on opposing counsel on January 16, 1990. A pretrial order was entered on April 11, 1990. The jury’s verdict was returned on April 25, 1990 in the amount of $90,000. The negligence was divided equally between Lathrop and State Farm.
Our independent research has not revealed any pertinent appellate interpretation or construction of those portions of rule 1.442(h), set forth below, governing the award of sanctions following the rejection of an offer of judgment:
(1) Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offer-ee and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
In our view, the application of rule 1.442(h)(1)(A) and (B) requires that it be separated into two distinct, but interdependent parts. The starting point in implementing the rule, vital to a finding that the rejection of an offer was unreasonable, is a determination that the offeree’s rejection caused an “unreasonable delay and needless increase in the cost of litigation.” Fla. R.Civ.P. 1.442(h)(1)(A). To justify a fee and cost sanction, the foregoing determination must be conjoined with a finding that either the offer was refused and the damage award in favor of the offeree is less than 75% of the offer, or the damages awarded the offeror are greater than 125% of the refused offer. Fla.R.Civ.P. 1.442(h)(1)(B). Here, of course, the damages awarded Lathrop exceeded $31,250 or 125% of the $25,000 offer. That fact, alone, however, will not sustain imposing sanctions upon State Farm. The trial court’s order lacks the co-essential finding that State Farm’s refusal to accept La-throp’s offer resulted in “unreasonable delay and needless increase in the cost of litigation.” The transcript developed at the fee hearing discloses that unreasonable delay and needless increase in costs are absent or were not significant aspects of the testimony taken at the fee hearing. From the moment of the January, 1990 offer of judgment until rendition of the jury's verdict, less than four months had elapsed and there is nothing in the record to permit even a belief that Lathrop’s costs were increased.
The trial court’s sole finding, based upon rule 1.442(h)(2)(B), that State Farm did not tender a counter offer falls short of satisfying the rule’s scheme. The prefatory portion of rule 1.442(h)(2) provides in part as follows:
In determining entitlement to and the amount of a sanction, the court may consider any relevant factor, including....
The presence of the word “entitlement” suggests that subpart (h)(2) can be implemented without regard to subpart (h)(1). We hold to the view, however, that the condition precedent to entitlement is prescribed in subpart (h)(1). Subpart (h)(1), to have any meaning in the rule, must be the threshold to be crossed before subpart (h)(2) is reached. We do not gainsay that the absence of a counter offer referred to in subpart (h)(2)(B) might be relevant to the question of whether State Farm acted un *1128 reasonably in refusing to accept Lathrop s offer, but only if the trial court had also made findings supported by the record, that State Farm’s refusal of the offer delayed and needlessly enlarged the cost of the litigation. Neither the record nor the trial court’s post-hearing order, however, identifies either delay of the litigation or the needless expenditure of money as a factor for the sanctions placed upon State Farm.[2]
In any event, even if rule 1.442(h)(1)(A) were perceived to justify the granting of sanctions simply upon the trial court’s determination, without more, that the offeree “unreasonably” rejected the offer, we would nonetheless be persuaded that the trial court was in error in sanctioning State Farm. On the other hand, the trial court, based upon the record, would have been wholly justified in denying La-throp’s effort to achieve sanctions against State Farm through the application of sub-parts (A) and (C) of rule 1.442(h)(2), i.e.: “the merit of the claim that was the subject of the offer” and “the closeness of questions of fact and law at issue.”
The record leaves little doubt that La-throp’s attorneys were preoccupied at the sanctions hearing with demonstrating the complex nature and quality of Lathrop’s claim in order to bolster enhancement of the lodestar pursuant to Quanstrom. In doing so, they demonstrated the tenuousness of Lathrop’s claim and the “closeness of questions of fact and law.” Lathrop offered convincing testimony from expert witnesses and her attorney characterizing her potential cause of action as one not likely to attract an attorney who would represent her on a contingent fee arrangement. Obviously, in the more common circumstance, it is the driver of the car in front, the customary plaintiff, who enjoys a rebuttable presumption of negligence attributable to the driver of the rear vehicle. See Gulle v. Boggs, 174 So.2d 26 (Fla.1965); Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985); see also Pierce v. Progressive American Insurance Company, 582 So.2d 712 (Fla. 5th DCA 1991) (en banc). Because it was Lathrop, however, who struck the rear of McCoy’s car, the burden of overcoming the presumption so as to permit a jury conclusion that Lathrop was not at fault, was great. Lathrop’s likelihood of prevailing was well below a predictable level of success. In short, the very considerations causing an attorney to decline the representation of Lathrop could not have been less operative in the evaluative process engaged in by State Farm in its passive rejection of Lathrop’s offer. On balance, therefore, it cannot be said that State Farm acted unreasonably in not accepting Lathrop’s offer of judgment.
Based upon the foregoing, we reverse and vacate the supplemental judgment.
THREADGILL and PATTERSON, JJ., concur.

. The offer of judgment was tendered to the initial defendant, Margaret Ann McCoy, who was insured and defended by State Farm. In the course of the litigation, McCoy was dropped as a party and State Farm became the sole defendant. We need not reach the hypertechnical contention, based upon the language of rule 1.442(e), that because the offer was made to McCoy, State Farm is excused from its effect.

. The trial court awarded attorney's fees without differentiating between those hours expended prior to and those after the offer. Rule 1.442(h)(1) specifically limits the sanctions award to an amount "equal to reasonable attorney’s fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made" (emphasis added).