619 So.2d 441 (1993)
Lawrence H. LIEBLING, Appellant,
v.
FLORIDA ENERGY MANAGEMENT, Inc., a Michigan corporation authorized to transact business in the State of Florida, and Curtis Michael Jansen, Appellees.
Nos. 92-01638, 92-03191.
District Court of Appeal of Florida, Second District.
June 4, 1993.
*442 Lawrence H. Liebling of Lawrence H. Liebling, P.A., Clearwater, pro se.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for appellees.
PARKER, Judge.
Lawrence Liebling appeals the trial court's orders which sanctioned Liebling with costs and denied most of Liebling's taxable costs in this personal injury case. We reverse and remand for further proceedings in the trial court.
First, Liebling contends that the trial court erred by imposing sanction of costs pursuant to Florida Rule of Civil Procedure 1.442. This rule provides, in part,
(h) Sanctions.
(1) Upon motion made within 30 days after the return of the verdict in a jury action or the date of filing of the judgment in a nonjury action, the court may impose sanctions equal to reasonable attorneys fees and all reasonable costs of the litigation accruing from the date the relevant offer of judgment was made whenever the court finds both of the following:
(A) that the party against whom sanctions are sought has unreasonably rejected or refused the offer, resulting in unreasonable delay and needless increase in the cost of litigation; and
(B) that either
(i) an offer to pay was refused and the damages awarded in favor of the offeree and against the offeror are less than 75 percent of the offer; or
(ii) an offer to accept payment was refused and the damages awarded in favor of the offeror and against the offeree are more than 125 percent of the offer.
Sixty days before trial, Florida Energy Management, Inc. (FEM) served an offer of judgment on Liebling in the amount of $5,001. Liebling testified that between the time of the offer and the deadline for acceptance there was a consensus of medical opinion by his doctors that he had sustained continuing and permanent injuries as a result of the automobile accident. Therefore, Liebling did not accept the offer.
The jury found FEM solely negligent and awarded Liebling property damage in the amount of $1,237.39. However, the jury found that Liebling did not meet the threshold requirements and awarded no compensation for bodily injuries. The trial court denied Liebling's motion for a new trial on the threshold issue of damages. Final judgment in the amount of $1,237.39 was entered in favor of Liebling against FEM.
FEM filed a motion to tax costs and to impose sanctions pursuant to rule 1.442. Liebling filed a motion to tax costs pursuant *443 to section 57.041, Florida Statutes (1991), as the prevailing party. After a hearing on both motions, the trial court rendered an order stating that FEM had satisfied the requirements of rule 1.442(h) and awarded FEM costs. The court impliedly granted Liebling's motion for costs by setting off Liebling's costs, incurred prior to the service of the offer of judgment, against FEM's award.
In State Farm Mutual Automobile Insurance Co. v. Lathrop, 586 So.2d 1125 (Fla. 2d DCA 1991), this court developed an analytical framework to determine whether sanctions should be imposed pursuant to rule 1.442. Lathrop concluded that the starting point in implementing the rule, and vital to a finding that the rejection of an offer was unreasonable, is a determination that the offeree's rejection caused an "unreasonable delay and needless increase in the cost of litigation." Lathrop, 586 So.2d at 1127; Fla.R.Civ.P. 1.442(h)(1)(A). Next a determination must be made that the offer was refused and the damage award in favor of the offeree is less than 75% of the offer, or the damages awarded the offeror are greater than 125% of the refused offer. Lathrop, 586 So.2d at 1127.
The trial court's order correctly notes that the damages awarded here were less than 75% of FEM's offer; however, the order does not address whether Liebling's refusal to accept the offer of judgment resulted in unreasonable delay and needless increase in the cost of litigation. There is nothing in the record to aid this court in making that determination. Therefore, we remand for the trial court to have a hearing on this issue and to make a determination as to whether or not the refusal caused unreasonable delay and needless increase in the cost of litigation.
As to Liebling's second issue on appeal, we reverse and remand for the trial court to award Liebling his taxable costs. This was a one-count complaint upon which the jury found FEM solely negligent. Even though the jury found that the threshold requirement for bodily injury was not met for purposes of section 627.737(2), Florida Statute (1991), the fact remains that Liebling is the prevailing party in this case and, as such, is entitled to his taxable costs. See § 57.041(1), Fla. Stat. (1991); Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983).
Reversed and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.