640 So.2d 197 (1994)
Parvin WRIGHT, Appellant/Cross-Appellee,
v.
Robert T. CARUANA, et al., Appellees/Cross-Appellants.
No. 93-1599.
District Court of Appeal of Florida, Third District.
August 2, 1994.
Robert A. Romagna, Miami, for appellants.
Clark, Sparkman, Robb & Nelson and James K. Clark and Frances Fernandez Guasch, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
LEVY, Judge.
The plaintiff and defendants in a negligence action appeal and cross-appeal the trial court's orders relating to costs and attorney's fees. We affirm in part, reverse in part, and remand.
Appellant/plaintiff Parvin Wright brought suit against appellees/defendants Robert Caruana and Susan Caruana for negligence after *198 an automobile accident which occurred on March 2, 1987. The case was set for trial for the two-week period commencing January 4, 1993.[1] Prior to the trial period, the case was referred to mediation pursuant to Florida Statutes Chapter 44. The mediation took place on December 9, 1992, but the parties reached an impasse. On December 10, 1992, the Caruanas made an offer of judgment to Wright, in the amount of $4,000, pursuant to Florida Statutes Section 768.79. Wright did not respond to the offer, and the case went to trial on January 6, 1993. On January 8, 1993, the jury returned a verdict for Wright, assessing Wright's damages at $4,080, but also finding Wright to be 50% negligent, which had the effect of reducing the jury award to $2,040. Immediately after receiving this verdict on January 8th, Wright filed an acceptance of the $4,000 offer of judgment made on December 10th by the Caruanas. The trial court later entered a final judgment for Wright for $2,040 in accordance with the jury verdict, and reserved jurisdiction to tax costs.
Wright moved for costs as the prevailing party under Florida Statutes Section 57.041. The Caruanas moved for costs and attorney's fees under § 768.79, since the judgment was more than 25% below the offer. The trial court awarded the Caruanas their costs, but denied them their attorney's fees. The trial court denied Wright's motion for costs. Wright now appeals the denial of her own costs and the award to the Caruanas of their costs. The Caruanas cross-appeal the denial of their attorney's fees.
The underlying accident in this case occurred in 1987 and the original complaint was filed in January of 1989. Consequently, there is an abundance of "offer of judgment" law which may potentially apply in determining the proper outcome. Both former Rule of Civil Procedure 1.442[2] and Florida Statutes Section 45.061 govern offers of judgment. However, the Caruanas' offer of judgment was not made pursuant to either of these sources. Moreover, each of these sources require that the offer be made more than 60 days prior to trial, which was plainly not complied with here. See § 45.061(1), Fla. Stat. (1991); Fla.R.Civ.P. 1.442(b) (version effective January 1, 1990). Therefore, neither former Rule 1.442 nor § 45.061 applies to this case.
This leaves us to consider and apply the offer of judgment statute codified as § 768.79. The parties have briefed and argued the issue of which version of § 768.79 applies to this case.[3] However, our resolution of this case renders this issue moot.
Under both versions of the statute, "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees... ." § 768.79(1)(a), Fla. Stat. (Supp. 1986) and § 768.79(1), Fla. Stat. (Supp. 1990) (emphasis supplied). This statutory language plainly contemplates that an offeree have a full 30 days within which to accept an offer of judgment. See also § 768.79(4), Fla. Stat. (Supp. 1990) ("An offer shall be accepted by filing a written acceptance with the court within 30 days after service."). Therefore, we hold that an offer of judgment must be made so that the offeree has 30 days in which to timely accept it. An offer that does not comply with this requirement may not serve as the basis for an award of costs or attorney's fees. This rule does not prevent an offeree from actually accepting an untimely offer and avoiding trial; it merely prevents the offer from later serving as the basis for *199 an award of costs and attorney's fees under the statute.
Turning to the facts of this case, the Caruanas' offer was made on December 10th, 27 days prior to trial. Since Wright had less than 30 days in which to accept the offer, the offer may not serve as the basis for an award of costs or attorney's fees in favor of the Caruanas. The trial court properly denied attorney's fees to the Caruanas, but erred in awarding them their costs.
Our conclusion here is not altered by Florida Statutes Section 44.102(5)(b), (1991), which provides:
Sections 45.061 and 768.79 notwithstanding, an offer of settlement or an offer or demand for judgment may be made at any time after an impasse has been declared by the mediator, or the mediator has reported that no agreement was reached. An offer is deemed rejected as of commencement of trial.
The Caruanas' offer was in fact made immediately following court-ordered mediation which had reached an impasse. However, an offeror who intends to rely on § 44.102(5)(b)[4] must so indicate in the offer of judgment itself. See Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283, 1290 (Fla. 1st DCA) (where offeror failed to inform offeree at time it served its demand for judgment that it intended to rely on § 44.102, offeror was precluded from doing so after the fact), review dismissed, 630 So.2d 1100 (Fla. 1993). Since the Caruanas' offer did not indicate an intent to rely on § 44.102(5)(b), they may not now benefit from the statute's provisions.
Finally, because Wright was clearly the prevailing party in this case, she should have been awarded her costs pursuant to Florida Statutes Section 57.041(1). See Liebling v. Florida Energy Management, Inc., 619 So.2d 441, 443 (Fla. 2d DCA 1993); Reinhardt v. Bono, 564 So.2d 1233, 1235 (Fla. 5th DCA 1990); Luizza v. Yaeger, 571 So.2d 600, 601 (Fla. 2d DCA 1990); Gunn v. DePaoli, 562 So.2d 427, 427-28 (Fla. 2d DCA 1990); Bridges v. Newton, 556 So.2d 1170, 1171 (Fla. 3d DCA 1990); Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990). Our disposition of the § 768.79 issue makes it clear that on remand, the trial court should enter an order awarding Wright all of her taxable costs for prosecuting this action.
The denial of the Caruanas' motion for attorney's fees is affirmed. The granting of the Caruanas' motion for costs is reversed. The denial of Wright's motion for costs is also reversed, and this case is remanded for entry of a cost award in favor of Wright pursuant to § 57.041.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The delay in proceeding to trial was a result of pretrial appellate litigation, unrelated to the issues now before us. See Wright v. General Motors Acceptance Corp., 570 So.2d 1130 (Fla. 3d DCA 1990), approved, 583 So.2d 1033 (Fla. 1991).
[2] Previous versions of Rule 1.442 contained procedural requirements for the making of offers of judgment. See, e.g., The Florida Bar re: Amendment to Rules of Civil Procedure, Rule 1.442 (Offer of Judgment), 550 So.2d 442 (Fla. 1989). However, Rule 1.442 was repealed and replaced with the procedural elements of § 768.79 on July 9, 1992. See Timmons v. Combs, 608 So.2d 1, 3 (Fla. 1992).
[3] The original version of this statute, § 768.79, Fla. Stat. (Supp. 1986), became effective July 1, 1986. See Ch. 86-160, § 70, at 763, Laws of Fla. The statute was later amended effective October 1, 1990. See Ch. 90-119, § 55, at 403, Laws of Fla.
[4] This subsection is now § 44.102(6)(b).