821 So.2d 1132 (2002)
AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,
v.
Stanley A. SPURLOCK, Robert C. O'Leary and Anthony C. Ballard, Appellees.
No. 2D01-4546.
District Court of Appeal of Florida, Second District.
June 21, 2002.
Rehearing Denied July 29, 2002.
*1133 Charles W. Pittman of Macfarlane Ferguson and McMullen, Tampa, for Appellant.
Gregory P. Abaray of Law Offices of Neal L. O'Toole, P.A., Bartow, for Appellee Stanley A. Spurlock.
GREEN, Judge.
The plaintiff, American General Life and Accident Insurance Company, filed suit against the defendant, Stanley A. Spurlock, alleging that he violated a covenant not to compete. Spurlock filed a motion for sanctions seeking attorney's fees. Realizing it lacked sufficient evidence to prove its case against Spurlock, American General took a nonsuit. American General appeals the trial court's final judgment awarding Spurlock attorney's fees. We reverse.
The attorney for each of the parties requested fees in their respective pleading without reference to either a contract or statute. See Stockman v. Downs, 573 So.2d 835 (Fla.1991). The attorney for Spurlock claimed entitlement based on American General's exercise of bad faith and abuse of process in its effort to enforce the stipulated covenant. The trial judge in his order awarding fees to Spurlock's attorney refused to reach the issue of sanctions but based his decision on the reasons he had orally announced at the fees hearing. During the fees hearing, the judge specifically refused to address entitlement under section 57.105, Florida Statutes (2000), but decided that principles of equity and the law applying to injunctions justified an award of fees. We know of no law of equity or of defending against injunctions which would have application to the facts of this case as regards to an award of attorney's fees.
In Mason v. Highlands County Board of County Commissioners, 817 So.2d 922 (Fla. 2d DCA 2002), we held that Mason's failure to state a cause of action in his multiple and burdensome pleadings filed against Highlands County Board of County Commissioners was not a sufficient basis to support a finding that his claim was so lacking in merit as to justify an award of fees pursuant to section 57.105.
We have no reason to believe that American General's attorney intended to present a spurious claim against Spurlock, and he took a nonsuit when he realized his proof was lacking. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (holding that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel); Lathe v. Fla. Select Citrus, Inc., 721 So.2d 1247, 1247 (Fla. 5th DCA 1998) (holding that trial court has inherent authority to order an attorney, who is an officer of court, to pay opposing counsel's reasonable attorney's *1134 fees incurred as result of action taken by attorney in bad faith); Smallwood v. Perez, 735 So.2d 490, 494 (Fla. 3d DCA 1998)[1] (Schwartz, J., dissenting) (holding that courts have the inherent power to assess attorney's fees against counsel for litigating in bad faith); Sanchez v. Sanchez, 435 So.2d 347, 350 (Fla. 3d DCA 1983) (holding that despite general rule that attorney's fees may not be awarded against party in absence of valid statute or contractual provision nor against fund unless created or brought into court by attorney, such award may be proper against attorney as an exercise of inherent power of the court).
We are compelled to reverse the award of attorney's fees. Although not raised in this appeal, we note that the final judgment did not itemize the amount of the award attributable between fees and costs. Our decision does not affect the cost award inasmuch as Spurlock was the prevailing party. See § 57.041, Fla. Stat. (1995).
Reversed in part and affirmed in part.
FULMER and DAVIS, JJ., concur.
NOTES
[1] In Smallwood v. Perez, 735 So.2d 495 (Fla. 3d DCA 1999), the Third District granted appellee's motion for rehearing en banc and adopted Judge Schwartz's dissenting opinion.