881 So.2d 83 (2004)
SEMINOLE COUNTY, Florida, Appellant,
v.
Pauline KOZIARA and Kathleen Derienzo, Appellees.
No. 5D03-3959.
District Court of Appeal of Florida, Fifth District.
August 20, 2004.
*84 Frederick H. Nelson, American Liberties Institute, Orlando, for Appellant.
Steven G. Mason of Steven G. Mason, P.A., Orlando, for Appellees.
GRIFFIN, J.
Seminole County appeals a final order denying it attorney's fees and costs after its successful defense of Appellees' constitutional challenge to an anti-nudity ordinance under 42 U.S.C. § 1983.[1] Seminole County contends that the trial court erred in denying its motion because Appellees' suit was frivolous. We affirm.
Seminole County sought attorney's fees under either 42 U.S.C. section 1988 or section 57.105, Florida Statutes. Either statute requires a showing that the plaintiff's claim was frivolous, unsupported by material facts, or unsupported by the application of law to the material facts. See Torres v. City of Orlando, 264 F.Supp.2d 1046, 1049 (M.D.Fla.2003) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)); § 57.105, Fla. Stat.; Read v. Taylor, 832 So.2d 219, 222 (Fla. 4th DCA 2002). In this case, the trial court found that Appellees' claims did not meet the threshold, and we find no error.
Seminole County additionally contends that it was entitled to taxation of costs as the prevailing party below under either 42 U.S.C. section 1988 or section 57.041, Florida Statutes. The trial court apparently never entered a ruling on Seminole County's Motion for Taxation of Costs,[2] which was filed separately from the *85 Motion for Attorney's Fees and Costs denied by the trial court, so we remand for further proceedings on this issue. Although the trial court has determined in its decision on the motion for attorney's fees and costs that Seminole County is not entitled to costs under the federal statute, the County is entitled to recover at least some costs under the state statute because section 57.041(1) "mandates that a party recovering a judgment is entitled, as a matter of right, to recover lawful court costs." Tacher v. Mathews, 845 So.2d 332, 334 (Fla. 3d DCA 2003); Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990). However, Seminole County may only recover costs pursuant to the STATEWIDE UNIFORM GUIDELINES FOR TAXATION OF COSTS IN CIVIL ACTIONS.
AFFIRMED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] Seminole County was represented in this case by an attorney with the American Liberties Institute, a non-profit organization which agreed to represent the County pro bono.
[2] We note that at the hearing, the trial court indicated that it believed Seminole County's motion for taxation of costs did not "pass muster" because it did not contain an attached affidavit or supporting documentation; instead, the motion only contained an itemized list of costs expended. However, nothing in section 57.041, Florida Statutes or Florida Rule of Civil Procedure 1.525 requires supporting affidavits. See Silver Springs Properties, L.L.C. v. Era Murray Realties, Inc., 874 So.2d 712, 714 (Fla. 4th DCA 2004). If (as there almost never is) there is a genuine dispute over an identified item of taxable costs, the court should conduct a hearing to resolve the dispute.