915 So.2d 674 (2005)
James C. GRANOFF and Kathryn T. Granoff, Appellants,
v.
Robert K. SEIDLE and Tracy Seidle, Appellees.
No. 5D04-3507.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
Rehearing Denied December 6, 2005.
*675 Harry T. Hackney of Harry Thomas Hackney, P.A., Mount Dora, for Appellant.
Alan B. Taylor and Richard C. Swank, of Litchford & Christopher, P.A., Orlando, for Appellee.
SAWAYA, J.
The issue in this bitter property dispute between two neighbors is who is entitled to an award of costs under section 57.041, Florida Statutes (2004). Specifically, each party vies for the distinction of being designated the "prevailing party" for purposes of a cost award under the statute and perhaps, at least to some extent, the satisfaction that may derive from judicial recognition that one is victorious over the other.
The Granoffs and the Seidles attempted to portray themselves in the trial proceedings as the sympathetic victim of a greedy and inconsiderate neighbor. James and Kathryn Granoff, in essence, contended that Robert and Tracy Seidle, in a grand display of hubris, appropriated a public easement that burdened the Granoffs' property and transformed it into a stately private entrance to the Seidles' ostentatious home, which was described as a "Taj Mahal." Treating the 50-foot public easement as their own private property, the Seidles extensively landscaped it and added a wrought iron fence, a call box, a concrete driveway, sod, an irrigation system, concrete edging around some of the landscaping, and a "Private Drive" sign at the entrance to the easement. Photographs were introduced depicting the grandiose manner in which the Seidles accomplished the conversion.
The Granoffs, who live out of town and had not developed their adjoining five-acre tract of property, were well aware of the easement burdening the northern-most 50 feet of their property because they were involved in the partnership that developed *676 the area. The partnership had been required to give Lake County the public easement in order to complete development of the larger tracts. The "Non-Exclusive Easement Deed" between the Granoffs and Lake County specifies that "[s]aid easement is hereby dedicated to the public for road, road-related, utility, and drainage purposes."
The Granoffs notified the Seidles of their objections to the Seidles' placement of the improvements on the easement and conversion of it for their own private use. Specifically, the Granoffs were displeased with the wrought iron fence that ran along all but 38 feet of the south side of the easement because it prevented the Granoffs from accessing the remainder of their own property at any point they wanted. They were required to exit the easement at the opening in the fence, which forced them to cross a swale on their property. Although this fence was removed prior to the trial, the iron fencing along the north side of the easement was left in place. The Seidles refused the Granoffs' requests to remove the improvements, and despite the Granoffs' protestations, the Seidles continued to add other improvements.
The Seidles portrayed the Granoffs as malcontent neighbors who attempted to sell their adjoining property to the Seidles. After the Granoffs and Seidles had reached a verbal agreement regarding the price, the Seidles purportedly started to make the improvements on the easement only to later discover that the Granoffs had reneged on the agreement and were demanding a higher purchase price. When the Seidles refused the demand for more money, the negotiations ceased and this is when the Granoffs objected to the improvements on the easement. The Seidles suggested that the attempts by the Granoffs to have the improvements removed are nothing more than the spiteful actions of vengeful neighbors disgruntled by the fact that the Seidles rejected their unreasonable demand for more money.
The Granoffs filed suit for trespass, ejectment, and an injunction requiring the Seidles to remove the improvements. Shortly thereafter, the Seidles filed a separate action with a 39-paragraph complaint that contained numerous allegations. Count I sought a declaration that the improvements did not hamper the public access over the easement and that the Seidles were entitled to improve and maintain the improvements on the easement without interference from the Granoffs; Count II sought an injunction prohibiting the Granoffs from removing, damaging, or destroying the improvements and landscaping and from engaging in any harassing activities; Count III was subsequently dismissed; and Count IV sought damages based on the allegation that the Granoffs' suit for trespass was an abuse of process. The two suits were consolidated and the parties proceeded to trial.
It is not necessary to discuss in detail the testimony and evidence presented during the non-jury trial. We do, however, note an interesting event revealed in the testimony of Mrs. Seidle, who recounted how she called the police to have the Granoffs cited for trespassing for being on the easement. That the Seidles summoned the gall to call the police to cite the Granoffs for trespassing on a public easement that burdens their own property demonstrates the level of animosity that developed between the parties and the lack of respect the Seidles had for the property rights of the Granoffs.
The final order rendered after the trial concluded provided each party with some relief. Specifically, it allowed the concrete driveway, sod, and underground irrigation system to remain on the easement. Too, it *677 concluded that the call box associated with the Seidles' security system was consistent with the "utilities" purpose of the easement. The flag pole and mailbox at the entrance to the easement could remain as the Granoffs were estopped from seeking their removal. The court did order that the decorative fence, all trees, bushes, shrubs, and signs be removed. It found, too, the Granoffs were entitled to some relief under their Count II for trespass, awarding them the nominal amount of $100.
Both parties filed motions claiming entitlement to costs under section 57.041. The trial court entered the order that is the subject of our review finding that the Seidles were the prevailing party and awarding them costs in the amount of $7,916.40.
Section 57.041, Florida Statutes, provides in pertinent part that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment...." The courts utilize the prevailing party standard to determine entitlement to costs under this statute.[1] This court, for example, has stated that "[t]he `party recovering judgment' under section 57.041, and the `prevailing party' under section 57.105 are governed under the same principles." Hall v. Humana Hosp. Daytona Beach, 733 So.2d 596, 597 n. 3 (Fla. 5th DCA 1999) (citation omitted).
The "prevailing party" is the party that prevails on the significant issues in the litigation. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992); Zhang v. D.B.R. Asset Mgmt., Inc., 878 So.2d 386 (Fla. 3d DCA 2004). The focus of the trial court in making the determination should be on the "result obtained." See Zhang; Smith v. Adler, 596 So.2d 696 (Fla. 4th DCA 1992). The trial court has no discretion to deny costs under this statute  the prevailing party must be awarded costs.[2] *678 Nevertheless, we apply the abuse of discretion standard of review when deciding whether the trial court properly determined which party was the prevailing party. Spring Lake Improvement Dist. v. Tyrrell, 868 So.2d 656, 658 (Fla. 2d DCA 2004); Musselwhite v. Charboneau, 840 So.2d 1158, 1160 (Fla. 5th DCA 2003) ("We find no abuse of discretion in the trial court's determination that the Charboneaus prevailed.").
The significant issue in this case was the Seidles' overuse and abuse of the public easement. The Granoffs were forced into court to protect their property interests in the burdened land they owned, and the Granoffs prevailed on each count of their complaint: the Seidles were ordered to remove all trees, bushes, shrubs, fencing, and the sign; the Granoffs were allowed to connect to the concrete driveway at any point they desired; the Seidles were enjoined from further interference with the easement and were barred from installation of irrigation and sprinkler equipment and fences or plantings; and the court specifically found the Seidles had, in fact, ejected the Granoffs for ten months and awarded damages for trespass and ejectment.
On the other hand, although the Seidles were allowed to keep some of the improvements, they did not obtain any of the injunctive relief they requested and there was no finding that the Granoffs threatened or harassed the Seidles or damaged the improvements. Further, there was no finding that the Granoffs abused process by filing the count for trespass. Based on the results obtained, the party who prevailed on the significant issues is clearly the Granoffs.
The Seidles argue they are the prevailing party because they were allowed to keep more improvements than were ordered removed. We reject the notion espoused by the Seidles that we should count every improvement ordered removed and ordered to remain as the appropriate standard for our review. The fact that the trial court allowed some improvements to remain does not require an award of costs to the Seidles.[3] Moreover, it is impossible to determine where the analysis must begin and end under such a standard. Are we to weigh each item and total the weight of improvements ordered removed and ordered to remain, or are we to count every leaf and twig on each tree or plant to tally the size and proportion of each improvement? We certainly do not think adoption of such a standard is wise, prudent, or legally correct.
We conclude that the trial court abused its discretion in finding that the Seidles are the prevailing party. Because the Granoffs clearly prevailed on the significant issues, they are entitled to an award of their costs in defending their property rights against the Seidles. We remand this case to the trial court for entry of an *679 order awarding costs to the Granoffs consistent with this opinion.
REVERSED and REMANDED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] Folta v. Bolton, 493 So.2d 440, 442 (Fla. 1986) ("Although section 57.041 provides for costs to `the party recovering judgment' and section 768.56 provides for `prevailing party' attorney fees, we concede that the same principles should be applied under each provision."); Spring Lake Improvement Dist. v. Tyrrell, 868 So.2d 656, 658 (Fla. 2d DCA 2004) ("Trial costs in this case are governed by section 57.041(1), Florida Statutes (2000), which provides that `[t]he party recovering judgment shall recover all his or her legal costs.' Costs under this section are governed by the `prevailing party' standard as articulated in Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992).") (citations omitted); American Gen. Life & Accident Ins. Co. v. Spurlock, 821 So.2d 1132, 1134 (Fla. 2d DCA 2002) ("Our decision does not affect the cost award inasmuch as Spurlock was the prevailing party. See § 57.041, Fla. Stat. (1995)."); Florida Intergovernmental Risk Mgmt. Ass'n v. City of Greenacres, 804 So.2d 448, 451 (Fla. 4th DCA 2001) ("We reverse the denial of costs to Greenacres, because as a prevailing party, Greenacres is entitled to recover its costs."); Arellano v. Bisson, 761 So.2d 365, 366-67 (Fla. 3d DCA 2000); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990); Dragstrem v. Butts, 370 So.2d 416, 417 (Fla. 1st DCA 1979); see also Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 915 (Fla. 2001) ("A prevailing party is entitled to recover from the losing party `all his or her legal costs and charges which shall be included in the judgment.' § 57.041, Florida Statutes.").
[2] See Seminole County v. Koziara, 881 So.2d 83, 85 (Fla. 5th DCA 2004) ("[T]he County is entitled to recover at least some costs under the state statute because section 57.041(1) `mandates that a party recovering a judgment is entitled, as a matter of right, to recover lawful court costs.'") (quoting Tacher v. Mathews, 845 So.2d 332, 334 (Fla. 3d DCA 2003); Oriental Imports, Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990)); Tacher, 845 So.2d at 334 (stating that an award of section 57.041 costs is not discretionary); Governing Bd. of St. Johns River Water Mgmt. Dist. v. Lake Pickett Ltd., 543 So.2d 883, 884 (Fla. 5th DCA 1989) ("[S]ection 57.041 mandates that every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs and that a trial judge has no discretion under that statute to deny court costs to the party recovering the judgment."); see also Oriental Imports, Inc., 559 So.2d at 443 (holding that under section 57.041, a judge does not have discretion to deny recovery of costs to a prevailing party).
[3] See Zhang v. D.B.R. Asset Mgmt., Inc., 878 So.2d 386, 387 (Fla. 3d DCA 2004) ("Simply because a party has obtained some economic benefit as a result of litigation, does not necessarily mean that party has succeeded on the major issue in the case.") (citations omitted); Spring Lake Improvement Dist., 868 So.2d at 659 ("[T]he fact that the Landowners recovered something does not require the award of costs to them.") (citing Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993) ("The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party.")).