951 So.2d 992 (2007)
Christopher BESSEY, Appellant,
v.
Frances DIFILIPPO and Jo Difilippo, Appellees.
No. 1D06-0774.
District Court of Appeal of Florida, First District.
March 16, 2007.
James H. Daniel, Jacksonville, for Appellant.
Gail A. Stafford of the Law Office of Gail A. Stafford, Jacksonville and Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, for Appellees.
BENTON, J.
Christopher Bessey, plaintiff below, appeals an order awarding him only part of the taxable costs he sought, even though judgment had been entered in his favor in *993 the single-count negligence action he brought against Frances and Jo Difilippo. Section 57.041(1), Florida Statutes (2005), does not authorize reduction or apportionment of costs on grounds that the plaintiff recovered-on the only count sued on-less than all of the damages the complaint prayed for. The statute does not leave the award to the trial court's discretion, but entitles the party in whose favor judgment is entered to an award of all taxable costs, as a matter of law. See Tacher v. Mathews, 845 So.2d 332, 334 (Fla. 3d DCA 2003) ("The award of these costs is not discretionary."). Accordingly, we reverse and remand for the award of all taxable costs reasonably and necessarily incurred in prosecuting the lawsuit.

I.
Mr. Bessey sued Jo Difilippo, as the driver, and Frances Difilippo, as the owner, of a car he claimed hit his stopped car from the rear. The complaint alleged that the accident caused bodily injury which resulted in pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money in the future, and aggravation of a previously existing condition; and alleged that his injuries and losses were permanent or continuing and that he would suffer losses and impairment in the future. Although the defendants initially denied liability, they admitted negligence on the day before trial, while continuing to "deny that Mr. Bessey suffered a permanent injury as a result of the accident and [to] deny the damages claimed by Mr. Bessey." The only issues left for the jury to decide were "causation, damages, [and] personal injuries."
Several doctors who treated Mr. Bessey testified at trial regarding the cause and extent of his injuries, and gave their opinions as to whether any injuries he sustained had permanent effects. Other witnesses testified about the effect injuries attributed to the automobile accident had on Mr. Bessey's ability to work and on his future earning capacity.[1] Dr. Edward Franco, a radiologist, testified that an MRI revealed that Mr. Bessey had a disc protrusion between the sixth and seventh vertebrae and that the normal, cervical, lordotic curvature was absent, limiting his range of motion and leading to muscle spasms. Dr. Franco testified that the disc protrusion was the result of trauma of the kind an automobile accident might cause.
Dr. Manley Kilgore, a neurologist, testified that he diagnosed Mr. Bessey with post-traumatic headaches, neck and back strains and sprains and neck muscle spasms. He testified that he believed these symptoms were a result of the automobile accident and that Mr. Bessey's injuries would continue to affect him for the rest of his life. Dr. Kilgore assigned a fifteen per cent permanent impairment rating of the body as a whole. A chiropractor, Dr. Stephen Alexander, also testified that Mr. Bessey suffered from back and neck strains and sprains of a type an accident might cause. He testified that Mr. Bessey's back problems would continue and could be expected to flare up from time to time for the rest of his life. Dr. *994 Alexander assigned Mr. Bessey a thirteen per cent permanent impairment rating of the body as a whole.
On the other hand, Dr. John Von Thron, the defendants' independent medical examiner, testified that Mr. Bessey did not appear to have muscle spasms in his neck and that MRI scans and x-ray films disclosed spurring on his neck vertebrae, indicating arthritis. He testified that the automobile accident did not cause the spurring, which had developed gradually over a long period of time, and that arthritic degeneration could cause disc herniation. He testified that he did not believe that Mr. Bessey sustained a permanent injury as a result of the automobile accident and that he did not think the disc protrusion was the cause of Mr. Bessey's pain in any event. On the basis of this testimony, defense counsel argued that the effects of the accident were minor, and also contended that there were many jobs Mr. Bessey could do that would pay him more than he was making, so that the jury should not award anything for loss of earnings.

II.
The jury returned a verdict awarding Mr. Bessey $14,523.72 for past medical expenses, but found no permanent injury and awarded nothing for future expenses.[2] After the ensuing judgment was affirmed by this court, Bessey v. Difilippo, 932 So.2d 195 (Fla. 1st DCA 2006), Mr. Bessey filed a motion to tax costs pursuant to section 57.041, Florida Statutes (2005), seeking costs in the amount of $29,857.79 as the "party recovering judgment." Opposing the motion to tax costs, the defendants argued that section 57.041, Florida Statutes, incorporated the "prevailing party" standard, and that Mr. Bessey had not prevailed on the significant issues at trial, which they identified as the permanency of the injury, future medical expenses, future earnings, and future pain and suffering.
After the hearing on the motion to tax costs the court entered an order awarding Mr. Bessey partial costs in the amount of $6,176.78. The trial court ruled that Mr. Bessey "prevailed on the issue of past medical expenses and therefore that the Plaintiff would be entitled to costs if his costs can be tied into that issue," but also ruled "on the other hand that costs that went to other issues like permanent injury, on those issues the Plaintiff did not prevail and therefore would not be entitled to costs."

III.
The present case is similar to Liebling v. Fla. Energy Mgmt., Inc., 619 So.2d 441 (Fla. 2d DCA 1993), and a similar result should obtain. In a negligence action stemming from an automobile accident, the jury found for the Liebling plaintiff and awarded $1,237.39 for property damage, while finding that Mr. Liebling did not meet the threshold requirements for any award for bodily injuries. 619 So.2d at 442. Final judgment was entered in his favor for property damage only. See id. On appeal, the court reversed an award of costs to the defendants[3] with directions that the trial court award Mr. *995 Liebling his taxable costs on remand. See id. at 443. "This was a one-count complaint upon which the jury found FEM solely negligent. Even though the jury found that the threshold requirement for bodily injury was not met . . . the fact remains that Liebling is the prevailing party in this case and, as such, is entitled to his taxable costs." Id. (citing section 57.041(1), Florida Statutes (1991), and Hendry Tractor Co. v. Fernandez, 432 So.2d 1315, 1316 (Fla.1983)).
A negligence action also arose out of a car accident in Wright v. Caruana, 640 So.2d 197, 198 (Fla. 3d DCA 1994). The Wright court ruled that the plaintiff should have been awarded her costs[4] pursuant to section 57.041(1), Florida Statutes, because she was "clearly the prevailing party," although the jury found her fifty per cent liable and the judgment was reduced accordingly. Id. at 198-99. Even under a "prevailing party" standard, therefore, the case law clearly establishes Mr. Bessey's entitlement to taxable costs in the present case.[5] But "prevailing party" is not the statutory standard for cost awards.[6]
*996 Approving a Third District decision,[7] the Florida Supreme Court ruled that "a plaintiff in a multicount personal injury action who recovers money judgment on at least one but not all counts in the cause of action, is the `party recovering judgment' for purposes of section 57.041(1), Florida Statutes . . ., and therefore is entitled to recover costs." Hendry Tractor Co., 432 So.2d at 1316. Our supreme court stated unequivocally: "The statute expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed. Rather, it should be applied as is to the given situation." Id. The court noted that the net judgment was in favor of the Fernandezes, that "[a]s a general rule costs follow the outcome of the litigation," and that the statute should be construed in light of its title, "Costs: recovery from losing party." Id. (Emphasis supplied.)
It is undisputed that the Fernandezes were granted recovery on their claim of negligence but not on their strict liability/breach of warranty claim. The fact that their recovery could have been more lucrative than it actually was does not, by any stretch of the imagination, render their ultimate monetary judgment of $101,600.00 a losing proposition.
Id. at 1316-17. The court explained that, for Hendry Tractor Company to recover any costs, it logically followed that the Fernandezes would have to be considered losing parties, even though they had recovered a money judgment. Here, too, Mr. Bessey recovered a money judgment and ought not be considered the losing party.
The present case differs dramatically from Folta v. Bolton, 493 So.2d 440 (Fla. 1986), where Mr. Folta brought multiple medical malpractice claims against Tarpon Springs Hospital and several of its employees. Id. at 441. The complaint stated five separate, distinct and severable claims against the hospital. "Each claim involved different acts or conduct occurring at different times, by different persons, allegedly agents or servants of the hospital, resulting in different injuries." Id.
The court understandably concluded that the multiple claims in Folta did not state alternative theories for a single injury, but were instead five, wholly independent claims. "[E]ach claim [wa]s an independent cause of action for which a separate suit could have been maintained." Id. at 443. Remarking that, if each claim had been filed and tried separately, Tarpon Springs Hospital would clearly have been entitled to attorney's fees in each suit in which it prevailed,[8] *997 the court concluded that the result should not be different when the same claims were aggregated into a single suit. See id. The present case is unlike Folta because it involves only one, not multiple, distinct and severable claims. The court's decision in Folta had to do, moreover, not with costs, but with attorney's fees. In providing that "[t]he party recovering judgment shall recover all his or her legal costs and charges . . .," section 57.041(1) contemplates full recovery of all taxable costs from the losing party.

IV.
Here, a single count alleged a single tort. When judgment was entered against the Difilippos, Mr. Bessey became the "party recovering judgment," within the meaning of section 57.041(1), Florida Statutes (2005), and was thus entitled to an award of all taxable costs reasonably and necessarily incurred in maintaining suit.[9]
The order awarding only partial costs is reversed, and the matter is remanded for the award of all taxable costs.
WEBSTER and VAN NORTWICK, JJ., concur.
NOTES
[1] Joseph Perry, an economist, testified to Mr. Bessey's impaired earning capacity as the result of limitations caused by the back injury, explaining his current employment situation and the possible effects on his future earning capacity. William Joseph Gray, a rehabilitation consultant, also testified regarding Mr. Bessey's various employment options and to his potential loss of income. But an expert witness for the defense, Gilbert Spruance, a vocational evaluator and rehabilitation counselor, testified that he evaluated and interviewed Mr. Bessey and concluded that there were many jobs Mr. Bessey could perform in which he could potentially earn more than he was currently earning.
[2] The trial court eventually entered final judgment on June 30, 2005, in the amount of $3,384.60, which was the amount of the jury verdict reduced by the amount of collateral source (personal injury protection) benefits Mr. Bessey received.
[3] Because the Liebling plaintiff had turned down a $5001 settlement offer, Florida Energy Management, Inc., filed a motion to tax costs and impose sanctions pursuant to Florida Rule of Civil Procedure 1.442. Liebling v. Fla. Energy Mgmt., Inc., 619 So.2d 441, 442-43 (Fla. 2d DCA 1993). Mr. Liebling filed his own motion to tax costs, pursuant to section 57.041. The trial court granted Florida Energy Management's motion and awarded it costs, but offset costs Mr. Liebling incurred before the defendants made their offer of settlement. See id. The appellate court reversed the award made pursuant to Rule 1.442.
[4] The Wright plaintiff had not accepted a defense settlement offer of $4000, before a trial at which the jury returned a verdict in his favor for only $2040. Wright v. Caruana, 640 So.2d 197, 198 (Fla. 3d DCA 1994). The trial court awarded costs to the defendants because the award was more than twenty-five per cent less than the settlement offer. See id. The appellate court reversed because Mr. Wright had not been given thirty days in which to accept the settlement offer. See id. at 198-99 (citing section 768.79(1)(a), Florida Statutes (Supp.1990), and section 768.79(1)(a), Florida Statutes (Supp.1986)).
[5] The prevailing party is determined case by case or, less commonly, count by count (or claim by claim): Our attention has been drawn to no case in which a court has subdivided claims or counts to decide the prevailing party's identity. Under this traditional approach, Mr. Bessey either won or lost on the single count (and claim) he stated. Plainly he won. The jury having found that his injuries were caused by the accident (for which liability had been conceded), he recovered judgment for past medical bills. That he did not recover all of the damages he sought does not negate the fact that he "recover[ed] judgment." § 57.041(1), Fla. Stat. (2005).
[6] While section 57.041(1), Florida Statutes (2005), provides that the "party recovering judgment" is entitled to costs, a party may recover attorney's fees as the "prevailing party," if statute or contract so provides. See, e.g., Prosperi v.Code, Inc., 626 So.2d 1360, 1362 (Fla.1993); Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). We acknowledge that our supreme court said in obiter dicta: "Although section 57.041 provides for costs to `the party recovering judgment' and section 768.56 provides for `prevailing party' attorney fees, we concede that the same principles should be applied under each provision." Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986). The court was deciding entitlement to attorney's fees, however, and no question concerning costs was before it. As to costs, our supreme court held in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315, 1316 (Fla.1983): "The statute expressly demands that the party recovering judgment be awarded costs. This unambiguous language need not be construed." See generally Puryear v. State, 810 So.2d 901, 905 (Fla.2002) ("[T]his Court does not intentionally overrule itself sub silentio."). See also State v. Jett, 626 So.2d 691, 693 (Fla.1993) ("[U]nambiguous [statutory] language is not subject to judicial construction. . . .").

It is also true that some district courts have applied the "prevailing party" standard to costs as well as attorney's fees. See Granoff v. Seidle, 915 So.2d 674, 677 (Fla. 5th DCA 2005) ("This court . . . has stated that `[t]he `party recovering judgment' under section 57.041, and the `prevailing party' under section 57.105 are governed under the same principles.'") (quoting Hall v. Humana Hosp. Daytona Beach, 733 So.2d 596, 597 n. 3 (Fla. 5th DCA 1999)); Spring Lake Improvement Dist. v. Tyrrell, 868 So.2d 656, 658 (Fla. 2d DCA 2004) ("Costs under [section 57.041] are governed by the `prevailing party' standard as articulated in Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992)."). We conclude, however, that these decisions cannot be squared with Hendry Tractor Co. and decline to follow them. We certify conflict with Granoff and Spring Lake Improvement Dist.
[7] Mr. Fernandez, injured in an accident involving a Hendry Tractor post hole digger, brought a personal injury action, together with his wife, against Hendry Tractor Company and, under Florida's alternative pleading rules, stated alternative causes of action for the same injuries in two counts: breach of warranty (strict liability) and negligence. Hendry Tractor Co., 432 So.2d at 1315. The jury found Hendry Tractor Company liable on the negligence count, but not liable on the strict liability count, and a final judgment was entered in the Fernandezes' favor. The trial court awarded a portion of the costs to the Fernandezes and awarded a portion of the costs (those related to the breach of warranty (strict liability) count) to Hendry Tractor Company, then offset the awards. The Fernandezes appealed. See id. at 1315-16.

The Third District reversed, holding that the Fernandezes alone were entitled to costs, and certifying a question of great public importance. In these circumstances, the Florida Supreme Court agreed that parties who were awarded judgment on only one of two counts were entitled to recover taxable costs under section 57.041, Florida Statutes. See id. at 1316.
[8] Tarpon Springs Hospital prevailed on three and possibly four of the claims. See Folta, 493 So.2d at 441. Mr. Folta sought attorney's fees under section 768.56, Florida Statutes, which provides for an award of fees to the prevailing party in a medical malpractice action. He argued that he was the prevailing party because he had prevailed on at least one of the five claims, but the trial court ruled that he was not entitled to an award of attorney's fees. See id. at 442. The Florida Supreme Court held:

[I]n a multicount medical malpractice action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with that claim. We reach this conclusion after considering the instant case in light of our decision in Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla.1983).
Id. The court acknowledged that, in Hendry Tractor Co., it had held that a plaintiff in a multicount personal injury action who prevailed on one theory of liability, but lost on another, was entitled to recover costs pursuant to section 57.041. But the court rejected Mr. Folta's reliance on Hendry Tractor Co. as misplaced, explaining that Folta was distinguishable because, inter alia, the plaintiff in Hendry Tractor Co. had pleaded two different theories of liability for injuries that arose out of a single set of circumstances, as permitted by Florida's alternative pleading rule, theories that complemented each other and were best presented together. See id. at 442-43.
[9] The court below denied some costs on the ground that they were not recoverable under the Uniform Guidelines for Taxation of Costs in Civil Actions. See In re Amendments to Unif. Guidelines for Taxation of Costs, 915 So.2d 612, 616-17 (Fla.2005). On remand, the court need not revisit these rulings, which were not appealed. See Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 915 & n. 2 (Fla.2001) (explaining that "[t]he general rule is that only taxable costs are to be included in any cost judgment," and "[t]he Uniform Guidelines for Taxation of Costs in Civil Actions are used in assessing . . . costs under chapter 57").